Argued and submitted September 5, 1986, reversed and remanded with instructions
September 2, 1987

LUTH,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(E85-1716; CA A37684)

741 P2d 897

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John C. Urness, Springfield, argued the cause for respondent. With him on the brief was Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., concurring.

## RICHARDSON, P. J.

Petitioner's driver's license was suspended, because he did not submit to a breath test pursuant to *former* ORS 482.541 (*now* ORS 813.410). He requested a hearing, and the Motor Vehicles Division upheld the suspension. The Circuit Court, on review of the hearings officer's decision under *former* ORS 482.541(6), reversed the suspension. MVD appeals.

The judgment provides, in material part:

"1. The petitioner was not allowed an opportunity to candidly and confidentially communicate with his attorney before deciding whether or not to take the breath test due to the fact the police officer stood right next to him and was able to hear petitioner's telephone conversation with his attorney."

On the basis of that finding, the court concluded that petitioner did not refuse to take the breath test.

The facts are not disputed. A police officer arrested petitioner for driving under the influence of intoxicants. He stopped petitioner at 1:39 a.m., arrested him at 1:43 a.m. and took him to the police station, where they arrived about 1:55 a.m. Petitioner immediately asked to make a call to his attorney. The officer had not, at that time, requested that he take a breath test. Petitioner reached his attorney by telephone at approximately 2 a.m. Petitioner asked the officer if he was listening and the officer replied that he could hear what petitioner was saying. Petitioner's attorney testified that he determined from petitioner that the officer could overhear petitioner's side of the conversation and that he could not get all of the information that he needed in order to advise petitioner properly. He then talked to the officer and told him that he would come to the station in about "15 minutes or so." The telephone call was completed at about 2:03 a.m. The officer said to the attorney on the telephone that he supposed that the attorney did not want him to question petitioner or do any tests. The attorney responded that that was correct.

At 2:28 a.m. the officer requested that petitioner take the breath test. Petitioner declined, saying, "I am not refusing the test. I am awaiting my attorney." The attorney arrived at the station at 2:33 and talked to petitioner for a few minutes. The officer said, "If you're trying to figure out whether or not

he should take the test, he's already refused." The officer had recorded the refusal as happening at 2:28 a.m.

The officer testified that, from his experience involving this particular attorney, the attorney would want to talk to his client for a period of time in private, and then the officer would have to begin a new 15-minute period of observation required for proper operation of the breath test equipment. Neither petitioner nor his attorney requested a breath test at any time. The attorney posted bail for petitioner, and both of them left the police station.

The arguments of both parties focus on an arrested person's right to make a telephone call in *State v. Newton,* 291 Or 788, 636 P2d 393 (1981), as applied to a breath test refusal in *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982). MVD argues that petitioner did in fact make a telephone call that satisfied the liberty delineated in *Newton* and *Moore* as the freedom to communicate and not to be held *incommunicado.* Petitioner, MVD contends, is not entitled to a Fifth or Sixth Amendment right to consult with counsel and receive advice before responding to a request that he take the breath test. Petitioner argues that his specific response to the officer's request was not a refusal; rather, it was a request to await his attorney's arrival. He also argues that he was entitled to a reasonable opportunity under *Newton* to communicate with his lawyer and that the failure of the officer to accord him that "right" means that his nonsubmission is not a refusal.

In *Newton,* the court delineated the liberty interest that an arrested person has as the freedom to make a telephone call, subject only to any lawful government restriction intended to serve public safety, such as the time, place and manner of the call. The court made it clear that the liberty interest that it identified under the Fourteenth Amendment is not a safeguard of the rights to counsel or professional advice under the Fifth or Sixth Amendments; consequently, the focus of the liberty interest is not on the content of the communication but on the fact of whether it is permitted. In other words, if the communication is not adequate—*i.e.,* advice sought and received—there is no significance *vis-a-vis* the decision whether to submit to a breath test. The court concluded that it would be appropriate to suppress the breath test

taken by an arrested driver if the police had denied that person the opportunity to make a telephone call without lawful reason. However, the court did not order suppression, because the denial of a phone call had nothing to do with taking or refusing to take the test or its validity, and there was no evidence that suppression was needed to reform police practices of denying arrested persons a telephone call.

In *Moore v. MVD, supra,* the court addressed the liberty interest identified in *State v. Newton, supra,* as it relates to the refusal to submit to a breath test. The court said:

"A request to call a lawyer (or a relative or friend) is not in itself a refusal. It cannot be seized upon as a decisive event which ends the transaction between officer and arrestee as would non-submission or express non-refusal. On the other hand, an insistence on speaking to counsel under circumstances where to do so would significantly delay the testing would be non-submission constituting a refusal. * * *

"We hold that if an arrested person, upon being given the advice required by ORS 487.805(2)(a) and (b), does not submit promptly to the request, his non-submission is a refusal. We further hold that if the person requests to speak with an attorney, the request itself is not a refusal and the person must be afforded reasonable opportunity to do so unless or until it would interfere with effective administration of the test. For example, a person might be given opportunity to call during the 15-minute observation period without affecting the validity of the test. If a person requests to communicate and is afforded a reasonable opportunity to do so, consistent with the temporal requirements of the testing process, and the person does not submit to the test, that is a refusal.

"If an arrested person asks to speak to counsel, an unjustified failure to afford reasonable opportunity to do so would be a deprival of the person's liberty, *see Newton.* In that situation, the person's non-submission (*i.e.,* refusal) would have resulted from a legally unauthorized procedure." 293 Or at 723-24.

It is clear that the purpose of suppressing a breath test result or reversing a license suspension is not to enforce a Fifth or Sixth Amendment right to counsel. It is intended to force reform of a law enforcement practice that unlawfully denies persons the exercise of the liberty to make a telephone call. In the context of submitting to a breath test or not, a request to call a lawyer or anyone else is not *ipso facto* a refusal

to take the test. The question in a license suspension case is not whether the person had any advice or adequate advice, but whether the conduct of the arrested person which the testing officer considers to be a refusal is the direct result of an unauthorized procedure: the unreasonable refusal to allow a telephone call. A request to make a call is not a refusal under the statute, *Moore v. MVD, supra,* but it can become a refusal if it causes delay to the point that the effectiveness of the test may be impaired or if it otherwise causes an unreasonable interference with the officer's duties.

███ In this case, the request to call his lawyer was made by petitioner before the officer discussed the breath test. It was not in direct response to a request that he submit to the test. The record indicates that the attorney whom he called was experienced in the defense of driving under the influence charges, and we presume that he was concerned about advising petitioner whether to submit to the test. He testified that, because of the proximity of the officer, he was unable to advise petitioner regarding the test and decided to come to the station to consult with his client. In this context, the issue is not whether petitioner had a reasonable opportunity to communicate, but whether the delay attendant on his request to wait for his lawyer would unreasonably interfere with the effectiveness of the test. It was not, as the trial court held, a question of petitioner's receiving adequate advice before deciding whether to submit to the test. The request for an unreasonable delay, even for the purpose of obtaining legal advice, constitutes a refusal.

The hearings officer concluded that the police officer's action was not unreasonable. The officer explained in his testimony that, after the attorney arrived, there would be a period of time while the attorney and petitioner consulted and, because that consultation would probably take place out of the officer's sight, he would have to begin a new 15-minute period of observation before conducting the test. If petitioner were to submit to the test after the consultation, the time of the test would be extended 15 minutes beyond the arrival of the attorney, plus the time for the consultation. The attorney's request that the officer not conduct any tests until he arrived is not significant. The control of the testing procedure must remain with the officer and not with the arrested person or his counsel.

Reversed and remanded with instructions to reinstate the MVD order of suspension.

**NEWMAN, J.,** concurring.

I concur in the result. I disagree with the majority, however, when it states that

> "the focus of the liberty interest is not on theecontent of the communication but on the fact of whether it is permitted. In other words, if the communication is not adequate—*i.e.,* advice sought and received—there is no significance *vis-a-vis* the decision whether to submit to a breath test." 87 Or App 137 at 140.

The focus of the liberty interest under the Fourteenth Amendment is not merely on whether a communication is made. If a person who is arrested for driving under the influence of intoxicants chooses to contact an attorney, the interest includes a reasonable opportunity to talk with the attorney in confidence, subject to the ability of the police to maintain the visual surveillance that OAR 257-30-020(1) requires. *See Capretta v. MVD,* 29 Or App 241, 246, 562 P2d 1236 (1977) (Thornton, J., concurring).

Here, the officer did not initially allow petitioner to exercise his liberty interest, because he listened to petitioner's end of the conversation with the attorney, destroyed its confidentiality and thereby chilled the process of communication. The state did not show that it was necessary for the officer to intrude to maintain visual surveillance. The majority impliedly recognizes this point, because it proceeds to address the reasonableness of petitioner's insistence on waiting for his attorney's arrival.

Nonetheless, I agree with the majority's conclusion that petitioner's eventual non-submission to the breath test was a refusal. Neither petitioner nor his attorney requested that the officer stop listening to petitioner's end of the telephone conversation. The attorney told the officer that he would come to the police station to confer with his client in 15 minutes. The officer agreed to wait and did wait for more than 15 minutes. When the attorney had failed to arrive after 25 minutes, the officer reasonably determined that further delay would interfere with the effective administration of the test. At that point, he had provided petitioner with a reasonable

opportunity to communicate with his attorney. When the officer then renewed his request that petitioner take the test, nonsubmission was a refusal.