## STATE OF OREGON,
*Appellant,*

*v.*

## DOYLE McCORMACK,
*Respondent.*

## (S87-101; CA A44482)

756 P2d 1281

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Raymond S. Baum, La Grande, argued the cause for respondent. With him on the brief was Helm, Baum & Riedlinger, La Grande.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

The state appeals a pretrial order that excluded evidence of an Intoxilizer test, because the person who administered the test did not testify. The state argues that the testimony of another qualified Intoxilizer operator who observed the administration of the test is an adequate foundation for the introduction of the test results. We agree and reverse.

Defendant was arrested for driving under the influence of intoxicants and was given an Intoxilizer test by Deputy Ackerman, who was not available to testify on the day of defendant's trial. However, Officer Stein, who was qualified to administer the test and had observed Ackerman give it to defendant, was available to testify that the test was properly administered and that a reading of .11 percent had been obtained. Defendant moved to exclude the test results on the ground that Ackerman's absence violated his right to confront and cross-examine a witness against him pursuant to Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. The trial court granted defendant's motion.

The trial court gave two reasons for granting the motion. First, it was the court's opinion that allowing someone who had observed the test, but did not administer it, to testify would have severe ramifications, because it would allow the state "in essence, to use jailers to observe [administration of the test] and then come into court and give that testimony that the * * * officer would have given" and this would "drastically limit any party's right to cross-examine" the person who administered the test. Even if the trial court was correct that it would not be permissible for a mere observer to testify, that is not this case. Here, the state offered the testimony of a person who was licensed to administer an Intoxilizer test and who could testify from personal knowledge whether the test administration procedures required by ORS 813.160(1)(b) and OAR 257-30-020 were followed. The trial court erred in granting the motion on this ground.

The trial court's second reason for granting defendant's motion was that Stein's testimony would have been hearsay. That is incorrect. Stein would have testified about his own observations, not about out-of-court statements, and

he would have been available for cross-examination. Had he been available to testify, Ackerman's testimony would have been of no different quality in this regard.[1]

Defendant argues that Article I, section 11, of the Oregon Constitution, the Sixth Amendment to the United States Constitution and OEC 705 give him an absolute right to cross-examine Ackerman. Defendant does have the right to cross-examine *witnesses* against him. However, Ackerman was not a witness. His testimony was not necessary for the state to prove its case, and there is nothing in Article I, section 11, the Sixth Amendment or OEC 705 which would require his testimony. Accordingly, the court erred in excluding evidence of the Intoxilizer test.

Reversed and remanded.

---

[1] The state agrees that the Intoxilizer checklist that Ackerman filled out and signed is hearsay but points out that it would also be hearsay if Ackerman had been available as a witness. Either Stein or Ackerman could use the checklist to refresh recollection of what Ackerman did. OEC 101(4)(a).