Argued and submitted November 27, 1989, reversed and remanded with instructions
February 14, 1990

## In the Matter of the Suspension of
## the Driving Privileges of

### CARNEY,
*Respondent,*

*v.*

## MOTOR VEHICLES DIVISION,
*Appellant.*

(88C-11787; CA A60012)

786 P2d 1319

Timothy A. Sylwester, Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

J. P. Harris, II, Salem, waived appearance for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Motor Vehicles Division (MVD) appeals from an order of the trial court setting aside MVD's suspension of petitioner's driving privileges. ORS 813.410. We reverse.

Petitioner was arrested for DUII. He took a breath test that indicated that his blood alcohol content was over the legal limit. As a result, MVD suspended his driver's license. Petitioner requested an administrative hearing in order to challenge the suspension. Petitioner subpoenaed *duces tecum* the arresting officer (Vandermueler) and another officer (Pikl) who had accompanied petitioner to the restroom before the beginning of a 15-minute observation period.[1] At the hearing, Vandermueler appeared, but without her arrest notebook or the audiotape recorded during petitioner's arrest. Pikl did not appear at the hearing or supply any documents in compliance with the subpoena. The hearing officer upheld the suspension. The circuit court reversed on appeal, ruling:

> "[T]he court finds that petitioner's statutory rights to confrontation under the Oregon Administrative Rules were violated and further finds that petitioner's rights to confrontation under both the Oregon and United States Constitution and petitioner's due process rights to a fair hearing were violated."

MVD has enacted administrative rules pursuant to ORS 813.410(2) that are intended to ensure due process. ORS 813.440(1). Petitioner does not attack the validity of the rules. OAR 735-90-050 provides, in pertinent part:

> "(1) Subpoenas which require the attendance of witnesses or the production of documentary or tangible evidence at a hearing shall be issued by the [division] upon request received by the Branch.
>
> "(2) The person who requests the issuance of a subpoena shall be responsible for having the subpoena served * * *.
>
> "(3) *A witness shall not be compelled to attend and testify at a hearing unless served with a subpoena at least 72 hours prior to the time of the hearing.*

---

[1] OAR 257-30-020(1) provides, in relevant part:

"(b) Pre-Test Requirement. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test." OAR 257-30-020(1) (Emphasis supplied.)

"(4)  Failure of a witness to comply with the subpoena served within the time guidelines as set forth in section (3) of this rule may result in contempt proceedings at the discretion of the [division]." (Emphasis supplied.)

The hearing was scheduled for October 7 at 1:30 p.m., and petitioner was expressly advised in advance of the hearing that OAR 735-90-050 required that subpoenas be served at least 72 hours before the hearing. Pikl was served on October 5. Vandermueler was served at 1:50 p.m. on October 4, or 71 hours and 40 minutes before the hearing. Thus, under OAR 735-90-050(3), neither officer was validly served. Petitioner cannot be heard to argue that he was denied due process of law if he did not comply with the procedures that would have given it to him. *See State v. Peyton,* 8 Or App 479, 486, 493 P2d 1393 (1972).

■  Before beginning a constitutional analysis regarding the "confrontation" issue, we must determine if there are statutory grounds on which the case can be decided. *State v. Douglas,* 292 Or 516, 519, 641 P2d 561 (1982). ORS 183.450(3) provides: "Every party shall have the right of cross examination of witnesses who testify and shall have the right to submit rebuttal evidence." Because Pikl did not testify, ORS 183.450(3) was not violated. Petitioner did cross-examine Vandermueler, albeit without the benefit of her notebook and the audiotape. The absence of those items was the result of petitioner's failure to serve a subpoena on Vandermueler in a timely fashion in accordance with the rule and, therefore, there was not a violation of the statute.

■  Both Article I, section 11, and the Sixth Amendment on their faces apply only to "criminal prosecutions." A proceeding under ORS 813.410 cannot result in criminal sanctions and does not implicate criminal constitutional provisions. *See State v. Ratliff,* 304 Or 254, 744 P2d 247 (1987). We hold that Article I, section 11, and the Sixth amendment are inapplicable to this proceeding.[2] *See Middendorf v. Henry,* 425 US 25, 96 S Ct 1281, 47 L Ed 2d 556 (1976); *Little v. City of*

---

[2] Even if they do apply, there was no violation of the right to confrontation, because Pikl was not a witness against petitioner and petitioner cross-examined Vandermueler. *See State v. McCormack,* 92 Or App 84, 87, 756 P2d 1281, *rev den* 306 Or 661 (1988).

*North Miami,* 805 F2d 962, 968 (11th Cir 1986); *Schultz v. Wellman,* 717 F2d 301, 307 (6th Cir 1983).

Reversed and remanded with instructions to reinstate suspension.