Argued and submitted December 15, 1989, reversed and remanded February 14, reconsideration allowed by opinion June 13, 1990
See 102 Or App 138 (1990)

In the Matter of the Suspension of
the Driving Privileges of

GILDROY,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(8805-02824; CA A50042)

786 P2d 757

Jas. J. Adams, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David D. Park, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Motor Vehicles Division appeals from an order of the trial court that reversed the suspension of respondent's driving privileges for driving with a .17 percent blood alcohol level. ORS 831.450(4). We reverse.

Respondent was arrested for driving while under the influence. At the police station, he was asked to take a breath test. Before taking it, he asked if he could call his attorney. While he was using the telephone, he was observed by an officer other than the one who would administer the test in order to comply with OAR 257-30-020(1)(b). OAR 257-30-020(1) provides, in relevant part:

"(a)   Test Identification. A check list containing an outline of the approved procedure, name of the subject to be tested, date, and time of the test, name of person requesting test and his agency, operator's name, permit number and enforcement agency, location of test, instrument model and serial number, *recognition of 15 minute per-test [sic] requirement,* result of test in percent blood alcohol, and operator's signature shall be completed by all operators of this instrument.

"(b)   Pre-Test Requirement. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth, for at least 15 minutes before taking the test." OAR 257-30-020(1). (Emphasis supplied.)

After respondent finished his conversation with his attorney, he took the test. After the test and while the officer was filling out the check list, the test operator confirmed with the other officer that respondent had not taken anything by mouth, vomited or regurgitated within 15 minutes before taking the test. The issue is whether OAR 257-030-020(1) requires the test operator to make that inquiry *before* administering the test in order for the result to be valid.

In determining the admissibility of breath test results, we look only to those requirements that are expressly mandated in the administrative rules. All other defects in administering the test go to the weight to be given its results by the trier of fact, but do not make the results inadmissible. *State v. Allen,* 74 Or App 275, 281, 702 P2d 1118, *rev den* 300

Or 111 (1985). OAR 257-30-020(1)(a) requires that a checklist be completed by an operator and that it contain a "recognition" of the 15-minute waiting period requirement before the test is administered. Subsection (b) defines what must occur during the waiting period. The rule does not state *when* the operator is to complete the checklist or require that the operator certify on the checklist that certain steps have been performed before continuing to the next step. It does require that an event have occurred, *i.e.,* that the operator must *make certain* that the person has not ingested anything, vomited or regurgitated *before* the subject takes the test. There is no prohibition against delegation of that task to another. *See State v. McVay,* 83 Or App 312, 731 P2d 466 (1987).

The required event occurred before the test through the act of the other officer. What did not occur before the test was the inquiry about the event. Because the rule is silent as to *when* the inquiry must be made, we conclude that OAR 257-30-020(1)(a) and (b) do not expressly mandate a requirement that makes the test results in this case inadmissible.

Respondent argues that *State v. McVay, supra,* requires an opposite result. In *McVay,* we held that the requirements of OAR 257-30-020(1)(b) were not met when the officer who was administering the test inquired of the jailer who had been observing the defendant whether the defendant had put anything in his mouth. We said:

"When Nafziger returned to the jail with the checklist, the only question that he asked the jailer was whether defendant had taken anything by mouth. He failed to inquire whether defendant had vomited or regurgitated. Although an operator may rely on information provided by another officer delegated to observe, the operator must nevertheless 'make certain' that the ingestion, vomiting and regurgitation requirements are met before administering the test. At a minimum, that requires that information be communicated to him." 83 Or App at 315-16. (Citation omitted.).

The basis of the holding in *McVay* is that the officer did not ask all of the necessary questions in order to comply with the rule. *McVay* does not purport to decide when an inquiry of the person doing the observing must be made.

Respondent argues that the judgment can be affirmed, because he was denied his right under Article 1,

section 11, of the Oregon Constitution, to a "meaningful conversation" with his attorney before deciding whether to submit to the test. *See State v. Spencer,* 305 Or 59, 750 P2d 147 (1988). He asserts that the officer stood by his side during his conversation with his attorney and eventually interrupted it. The result, he argues, was that respondent was prevented from having any meaningful communication with his attorney. The trial court made no decision on this issue. On remand, the court should determine if the officer's actions deprived respondent of a reasonable opportunity to consult with counsel.[1]

Reversed and remanded for proceedings not inconsistent with this opinion.

---

[1] The state argues that, under *Luth v. Motor Vehicles Division,* 87 Or App 137, 741 P2d 897 (1987), a subject has no right to complete privacy, because to allow him complete privacy would cause a delay of the 15-minute observation period and would unreasonably interfere with the administration of the test. In *Luth,* we said:

"In this context, the issue is not whether petitioner had a reasonable opportunity to communicate, but whether the delay attendant on his request to wait for his lawyer would unreasonably interfere with the effectiveness of the test." 87 Or App at 142.