On appellant's motion for reconsideration filed March 29, reconsideration allowed, former opinion (100 Or App 538, 786 P2d 757) modified to remand to Motor Vehicles Division and adhered to as modified June 13, petition for review allowed October 23, 1990 (310 Or 475)

In the Matter of the Suspension of
the Driving Privileges of

Rickey Gene GILDROY,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(8805-02824; CA A50042)

793 P2d 332

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas Adams, Assistant Attorney General, Salem, for motion.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Appellant has moved for reconsideration of our opinion in *Gildroy v. MVD,* 100 Or App 538, 786 P2d 757 (1990). We allow the motion and modify our former opinion.

We said:

"Respondent [the driver] argues that the judgment can be affirmed, because he was denied his right under Article 1, section 11, of the Oregon Constitution, to a 'meaningful conversation' with his attorney before deciding whether to submit to the test. *See State v. Spencer,* 305 Or 59, 750 P2d 147 (1988). He asserts that the officer stood by his side during his conversation with his attorney and eventually interrupted it. The result, he argues, was that respondent was prevented from having any meaningful communication with his attorney. The trial court made no decision on this issue. On remand, the court should determine if the officer's actions deprived respondent of a *reasonable opportunity to consult with counsel.*" 100 Or App at 541-42. (Footnote omitted; emphasis supplied.)

Appellant argues that that language is inconsistent with *Carney v. MVD,* 100 Or App 533, 786 P2d 1319 (1990), in which we said:

"Both Article I, section 11, and the Sixth Amendment on their faces apply only to 'criminal prosecutions.' A proceeding under ORS 813.410 cannot result in criminal sanctions and does not implicate criminal constitutional provisions. *See State v. Ratliff,* 304 Or 254, 744 P2d 247 (1987). We hold that Article I, section 11, and the Sixth amendment are inapplicable to this proceeding. *See Middendorf v. Henry,* 425 US 25, 96 S Ct 1281, 47 L Ed 2d 556 (1976); *Little v. City of North Miami,* 805 F2d 962, 968 (11th Cir 1986); *Schultz v. Wellman,* 717 F2d 301, 307 (6th Cir 1983)." 100 Or App at 536. (Footnote omitted.)

This case and *Carney* were both brought under ORS 813.410.[1] Appellant argues that the opinions are inconsistent, because respondent's right to a meaningful conversation with his attorney under Article I, section 11, is contrary to what we

---

[1] ORS 813.410 provides for an administrative hearing regarding suspension of a motorist's driver's license if the driver refuses a breathalyzer test or the test discloses that the level of alcohol in the person's blood was .08 percent or more.

said in *Carney* about the applicability of Article I, section 11, to a proceeding under ORS 813.410.

Article I, section 11 provides:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor[.]"

In *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), the court held that an arrested driver has a right under Article I, section 11, to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test. When asked to take a test, the driver has been arrested for a criminal offense and faces the potential of having to defend a criminal charge, as well as an administrative proceeding under ORS 813.410. If an administratively imposed penalty is based on an unlawful procedure that results from a denial of the opportunity to speak with counsel, the penalty is invalid. *Moore v. Motor Vehicles Division*, 293 Or 715, 723-24, 652 P2d 794 (1982).

We remanded so that the trial court could determine if respondent was afforded an opportunity to speak with counsel. In *Carney*, the petitioner argued that his right to confront witnesses in an administrative hearing was protected under Article I, section 11. We held that it was not, because the proceeding in which the petitioner was making the claim was not a criminal prosecution. The holding in *Carney* is inapposite, because it applies to different rights under Article I, section 11. The right of confrontation never attached in *Carney*, because that proceeding was administrative. The right to counsel did attach here, because defendant was arrested. Once attached, the right affects the procedure on which an administrative penalty is based. *State v. Spencer, supra*, 305 Or at 74.

Although not raised by the parties, we modify our previous opinion in one respect. We remanded for the circuit court to consider whether respondent was denied a meaningful conversation with his attorney. The hearings officer held that respondent did not have a right to "an unobserved conference with the attorney," and the circuit court did not

rule on the issue. No findings of fact were made. Whether respondent was denied a meaningful conversation with his attorney under Article I, section 11, will depend on the extent of the officer's interference, if any, with respondent's telephone conversation with his attorney, in the light of the need for effective administration of the breathalyzer test. *See Luth v. Motor Vehicles Division,* 87 Or App 137, 142, 741 P2d 897 (1987). We erred by remanding to the circuit court. We modify our former opinion to remand to the MVD for further proceedings. *See* ORS 813.450(5); *Shakerin v. MVD,* 101 Or App 357, 790 P2d 1180 (1990).

Motion for reconsideration allowed; former opinion modified to remand case to Motor Vehicles Division and adhered to as modified.