Argued and submitted December 4, 1989, reversed and remanded with instructions October 17, 1990, reconsideration denied February 27, petition for review pending 1991

In the Matter of the Suspension of
the Driving Privileges of

Douglas Jay HOEFLING,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(88-8-272; CA A50800)

799 P2d 176

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven B. Andersen, Oregon City, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., dissenting.

## RICHARDSON, P. J.

Respondent's driver's license was suspended, because he refused to submit to a breath test pursuant to ORS 813.410(1). He requested a hearing, and the Motor Vehicles Division (MVD) upheld the suspension. The circuit court, on review of the hearings officer's decision under ORS 813.410(7), concluded that respondent had not been given a reasonable opportunity to confer with his attorney before deciding whether to take the breath test and reversed the order of suspension. MVD appeals.

The facts are not disputed. Respondent was arrested for driving under the influence of intoxicants, ORS 813.010, and was transported to the county jail, where he was asked to take a breath test. He was allowed to speak to his attorney by telephone before deciding. At the hearing, the attorney[1] whom he had called testified about their conversation:

> "I asked [respondent] if — where he was speaking to me on the telephone, if the officers could hear his side of the conversation. He told me, 'yes.' Then I asked to speak to Deputy Reuther again * * *. And I asked if it was possible for me to speak on the telephone with [respondent] so that the arresting [officer] and Deputy Reuter could not hear my conversation. * * *

> "* * * * *

> "Deputy Reuter told me that that would not be possible until afterwards, meaning after the breath test refusal or submission. He made some reference to * * * the effect that once he was lodged, it would be possible for him to speak to me after refusal or submitting to the breath test, that that would be in the back part of the jail where inmates are able to call collect where there could be privacy. * * * I told [respondent] to refuse. * * * I explained to [the arresting officer] that I had informed respondent to refuse on the basis that I'd been unable to confer with [respondent] in private so that the communications between [respondent] and me would be confidential communications and there would not be any waiver of attorney/client privilege."

The officer then requested that respondent take the test, and he refused.

---

[1] That attorney did not represent respondent at the MVD hearing, in the circuit court or on appeal.

At the MVD hearing, respondent argued that, because the officer could hear his side of the telephone conversation, he was denied an effective conference with his attorney. Consequently, he contended, his refusal to take the breath test was a direct result of an unjustified failure to afford him a reasonable opportunity to consult his attorney. The hearings officer concluded that affording respondent a private telephone conversation would result in his being beyond the officer's observation range and would place "compliance with the test procedure in question." He upheld the suspension.

The court reasoned:

"1. Under the right of counsel clause in Article I, Section [11,] of the Oregon Constitution, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test. *State v. Spencer,* 305 Or 59, 74 [,750 P2d 147] (1988).

"2. Inherent in the right to counsel is the right to confidential communications between an accused and counsel. When an officer listens to an accused's end of a telephone conversation, confidentiality is destroyed, thereby chilling the process of communication. *See, Luth v. Motor Vehicles Division,* 87 Or App 137, 143 [,741 P2d 897] (1987).

"3. The evanescent nature of the evidence the police seek to obtain in a DUII arrest may justify substantially limiting the time in which the arrested person may exercise his Article I, Section [11,] right to counsel, but it does not justify doing away with it. *State v. Spencer,* [*supra*].

"4. The state has the burden of showing in each case that its need to limit an accused's exercise of his Article I, Section [11,] right outweighs the defendant's right to counsel. *See Luth v. Motor Vehicles Division,* [*supra*].

"5. The record of the suspension hearing is silent as to whether audio confidentiality between petitioner and his attorney was possible. The state did not show that it was necessary for Deputies Yasui and Reuter to intrude upon petitioner's conversation in order to maintain the visual surveillance required by OAR 257-30-020(1)(b). Therefore, the state has not shown the necessity of limiting petitioner's right to counsel in the manner done so by the deputies."

Although this appeal is from circuit court, we review the order of the hearings officer. *Shakerin v. MVD,* 101 Or

App 357, 790 P2d 1180 (1990); *Blackman v. MVD,* 90 Or App 408, 752 P2d 1241, *rev den* 306 Or 660 (1988).

MVD first argues that *State v. Spencer,* 305 Or 59, 750 P2d 147 (1988), is not applicable, because it is based on Article I, section 11, of the Oregon Constitution, which applies only to criminal prosecution. Because the suspension of a driver's license for refusing the breath test is an administrative proceeding, there is no right to counsel. However, the question in this proceeding is whether respondent refused the breath test, not whether he was entitled to counsel. If a person who is in formal custody for DUII is asked to take a breath test and requests to contact his attorney, that is not a refusal. If the arrested driver is unjustifiably denied the right to contact counsel under Article I, section 11, a refusal to take the test is not a cause for suspension of driving privileges. Denial of the rights of a person in custody may determine whether the person's decision regarding the breath test is a refusal under ORS 813.120(1)(c). *See Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982).

In *State v. Spencer, supra,* the court explained that the right to seek advice about taking the breath test could be limited by the needs of the police to conduct the test properly and timely. The request for a confidential consultation with counsel may justifiably be denied if the needs of conducting a valid test or the needs of secure custody require. The testing process as well as the custody of the individual must remain in control of the officers. *See Luth v. MVD,* 87 Or App 137, 741 P2d 897 (1987). The question is not whether *Spencer* and section 11 mandate allowing a private conversation, but whether the desires of the accused for that conversation can reasonably be accommodated.

Respondent contended at the MVD hearing that his request could have been accommodated without affecting the validity of the test or the needs of security. He had the burden of presenting evidence on that issue. ORS 183.450(2). The trial court incorrectly held that MVD had the burden of proof and that there was no evidence as to whether a confidential communication was possible. The only evidence presented by respondent regarding that issue was the testimony of the attorney whom he had called that evening. The attorney testified that the custody officer told him that a private conversation was not possible until the test procedure was completed

and respondent was lodged in jail, where inmates are able to make telephone calls. If the record is deficient as to whether respondent's request for a private consultation could reasonably have been allowed, then respondent has not proven his claim that his refusal was based on an unjustified restriction of his consultation with his attorney.

MVD showed that respondent had refused the test after being properly advised of the consequences of a refusal. He then asserted that the refusal, which was on advice of counsel, was the result of being denied a private conversation. The officer in charge had told him that a conversation was not possible. Respondent has the burden of producing evidence of the facts that he asserts. If the record is deficient on that issue, he has not met his burden.

In any event, the hearings officer concluded that, given the requirements of the testing procedure, the officer properly declined to allow respondent's request. Respondent did not effectively contest that conclusion other than by asserting the opposite.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).

**NEWMAN, J.,** dissenting.

The majority states:

> "In any event, the hearings officer concluded that, given the requirements of the testing procedure, the officer properly declined to allow respondent's request. Respondent did not effectively contest that conclusion other than by asserting the opposite." 104 Or App at 16.

The hearings officer, however, made *no* findings of fact respecting whether the police justifiably denied respondent's request for a confidential telephone conversation with his attorney. The hearings officer, without making the necessary findings, *concluded* that "to require an officer to allow a person a private conversation with his attorney would undermine the testing procedure."

We addressed the lack of necessary findings in *Gildroy v. MVD,* 100 Or App 538, 786 P2d 757, *mod* 102 Or App 138, 793 P2d 332 (1990). The respondent was arrested for

DUII. At the police station, the police asked him to take a breath test. He asked to call his attorney. While he was talking on the telephone to his attorney, an officer stood by his side, observed him and interrupted the conversation. After he had finished talking with his attorney, he took the test. The hearings officer held that he did not have a right to "an unobserved conference with the attorney" and ordered his license suspended, but he made no findings.

The circuit court reversed the suspension order, and MVD appealed. Among other things, the respondent argued that Article I, section 11, guarantees that, in an administrative proceeding to suspend his license, a driver who has been arrested for DUII has a right to a "meaningful conversation" with an attorney before submitting to a breath test. *See State v. Spencer,* 305 Or 59, 750 P2d 147 (1988). We reversed and remanded to the circuit court, because it "made no decision on this issue." 100 Or App at 542. On reconsideration, we said:

> "Whether respondent was denied a meaningful conversation with his attorney under Article I, section 11, will depend on the extent of the officer's interference, if any, with respondent's telephone conversation with his attorney, in the light of the need for effective administration of the breathalyzer test. *See Luth v. Motor Vehicles Division,* 87 Or App 137, 142, 741 P2d 897 (1987). We erred by remanding to the circuit court. We modify our former opinion to remand to the MVD for further proceedings. *See* ORS 813.450(5); *Shakerin v. MVD,* 101 Or App 357, 790 P2d 1180 (1990)." 102 Or App at 142.

Here, the majority correctly observes that, if the arrested driver is unjustifiably denied the right to contact counsel under Article I, section 11, refusal to take the test is not cause for suspension of driving privileges. The hearings officer, however, made *no* findings as to whether the police had deprived respondent of a reasonable opportunity to consult with his attorney. Under *Gildroy v. MVD, supra,* a hearings officer *must* make findings on the extent of the interference, if any, with a driver's opportunity for a meaningful telephone conversation with his attorney in the light of the need for effective administration of the breath test and secure custody. I would reverse and remand to MVD for further proceedings.

The majority, citing ORS 183.450(2) also says that

respondent had the burden of presenting evidence to establish that the police could accommodate his request. All that ORS 183.450(2) states is:

> "The burden of presenting evidence to support a fact or proposition in a contested case rests on the proponent of the fact or position."

Respondent carried his initial burden to present evidence that the police denied him an opportunity for a meaningful conversation with his attorney. Contrary to the majority's analysis of the evidence, respondent showed that, after his arrest, he timely requested an opportunity to talk on the telephone with his attorney. His attorney was reached on the telephone and was prepared to advise him. The attorney asked Reuter for an opportunity to talk on the telephone with respondent in confidence. Reuter replied that that "would not be possible" but did not explain why. Reuter listened to respondent's end of the telephone conversation with the attorney, who aborted the conversation because it was not confidential and advised respondent to refuse to take the test. The attorney had handled numerous cases involving arrestees in the Clackamas County jail. He testified that it was his opinion that he could not have a meaningful conversation if Reuter was listening to respondent's end of the conversation. Respondent declined to take the test.

MVD could then have presented evidence to show why the police could not have accommodated respondent's request. It did not. Indeed, it appears that the record contains no substantial evidence that would support the necessary, but absent, findings. As I have stated, the case should be reversed and remanded to MVD for further proceedings.