Argued and submitted January 28, affirmed March 13, 1991

Christopher Clark MERRIFIELD,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(16 891130 10684; CA A65201)

807 P2d 329

Christopher G. Cournoyer, Portland, argued the cause for petitioner. With him on the brief was Cournoyer & Sussman, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Petitioner seeks judicial review of a final order canceling his driving privileges under ORS 809.310(2)(a). We affirm.

A police officer saw petitioner standing by a car. After he was asked for proof of his age, he produced a facially valid Oregon driver's license.[1] The officer asked him for further identification. When he did not comply immediately, the officer told him that, if he did not produce his wallet, he would be arrested. He then produced a wallet that contained evidence that the license was invalid. The officer arrested him for being a minor in possession of alcohol, ORS 471.430, and for giving false information to a police officer. ORS 162.385. Later, he admitted to the officer that he had fraudulently obtained the license. After the Motor Vehicles Division was notified that petitioner had obtained an invalid driver's license, it canceled his driving privileges.

Petitioner requested a hearing and moved to suppress "any and all evidence seized as a result of a warrantless seizure and search of petitioner and/or his wallet * * *." He argued that the evidence was illegally seized, because the officers lacked probable cause to arrest him. The referee denied the motion, because he concluded that "questions as to the validity of the stop and/or arrest in this case were not within the scope of the hearing and thus not reviewable." He then ordered MVD to cancel petitioner's driving privileges for one year.

Petitioner asserts that the referee erred in denying the motion to suppress, arguing that the exclusionary rules of Article I, section 9, of the Oregon Constitution and the Fourth and Fourteenth Amendments apply in this proceeding. He relies on *Pooler v. MVD*, 306 Or 47, 755 P2d 701 (1988), in support of his argument.

In *Pooler,* the Supreme Court held that an arrest, which is a statutory prerequisite to the suspension of a driver's license for refusal to take a chemical breath test must be valid

---

[1] The license had petitioner's photograph on it, but was issued under the name Lawrence Merrifield, petitioner's brother.

before the suspension can be lawful. *See* ORS 813.410(5)(a).[2] The cancellation in this case is under ORS 809.310(2)(a), which provides:

"[MVD] may cancel any driving privileges issued by it upon determining that the person issued the driving privileges has committed any of the following acts:

"(a) Failed to give the required or correct information in the application for the driving privileges."

The statute contains no arrest prerequisite that would cause Article I, section 9, or the Fourth Amendment to attach.[3] It follows that alleged violations of those protections are outside the scope of a hearing under ORS 809.310(2)(a). Because the exclusionary rule cannot come into play until the underlying constitutional rights have attached, the referee was not required to consider the legality of the encounter between the officer and petitioner.

We need not discuss the remaining arguments in the light of our decision.

---

[2] ORS 813.410(5)(a) provides:

"The scope of a hearing under this section shall be limited to whether the suspension is valid as described in this subsection. A suspension is valid if all of the following requirements have been met:

"(a) The person, at the time the person was requested to submit to a test under ORS 813.100, was *under arrest* for driving while under the influence of intoxicants in violation of ORS 813.010 or a municipal ordinance." (Emphasis supplied.)

[3] In *Carney v. MVD,* 100 Or App 533, 786 P2d 1319 (1990), we held that the state and federal constitutional Confrontation Clauses are not applicable in a proceeding to suspend a motorist's driving privileges under the ORS 813.410. We said:

"Both Article I, section 11, and the Sixth Amendment on their faces apply only to 'criminal prosecutions.' A proceeding under ORS 813.410 cannot result in criminal sanctions and does not implicate criminal constitutional provisions. We hold that Article I, section 11, and the Sixth Amendment are inapplicable to this proceeding." 100 Or App at 536. (Citations omitted.)

In *Gildroy v. MVD,* 102 Or App 138, 141, 793 P2d 332, *rev allowed* 310 Or 475 (1990), we said, regarding the right to counsel in a proceeding under ORS 813.410:

"In *Carney,* the petitioner argued that his right to confront witnesses in an administrative hearing was protected under Article I, section 11. We held that it was not, because the proceeding in which the petitioner was making the claim was not a criminal prosecution. The holding in *Carney* is inapposite, because it applies to different rights under Article I, section 11. The right to confrontation never attached in *Carney,* because that proceeding was administrative. *The right to counsel did attach here, because defendant was arrested. Once attached, the right affects the procedure on which an administrative penalty is based. State v. Spencer,* [305 Or 59, 74, 750 P2d 147 (1988)]." (Emphasis supplied.)

Affirmed.