Argued and submitted April 10, reversed and remanded with instructions
June 10, 1992

In the Matter of the Suspension of
the Driving Privileges of

Richard Louis AHLBIN,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(91C-10168-1; CA A70443)

833 P2d 1291

John T. Bagg, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael Lee McDonough, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Motor Vehicles Division (MVD) appeals the circuit court's judgment vacating its order suspending respondent's driving privileges. ORS 813.410(5). We reverse.

When asked to take a breath test after being arrested for DUII, respondent said, "No, I want a blood test, not a breath test. I want an attorney."[1] The hearings officer held that respondent's statement constituted a refusal to take the test. The circuit court reversed, concluding that the hearings officer's order was not supported by substantial evidence. Although the appeal is from circuit court, we review the hearings officer's order for substantial evidence and errors of law. ORS 813.450(4); *Hoefling v. MVD*, 104 Or App 11, 14, 799 P2d 176 (1990).

Respondent argues that his statement was not a refusal, because he was not given the opportunity to consult with an attorney before deciding whether to take the test. He relies on *Moore v. Motor Vehicles Division*, 293 Or 715, 652 P2d 794 (1982), which involved five consolidated cases, including Moore's and Carter's. The court said:

> "A request to call a lawyer * * * is not in itself a refusal. It cannot be seized upon as a decisive event which ends the transaction between officer and arrestee as would non-submission or express non-refusal." 293 Or at 723.

Moore did not explicitly refuse to take the test, but kept repeating, "I want an attorney." The court held that his conduct was not a refusal. In contrast, Carter, after he was offered a breath test, responded, "Not without the advice of my attorney." The court concluded that that response was a refusal. It said:

> "The parties stipulated that the sole issue for trial is whether Carter's statement was a refusal. No facts were shown or issue presented regarding a request to speak to counsel. Carter's response was not a submission and, for purposes of the Implied Consent Act, is deemed a refusal." 293 Or at 726.

The hearings officer relied on *Schrier v. MVD*, 99 Or App 209, 781 P2d 1226 (1989), where the petitioner

---

[1] Under ORS 813.150, a motorist is entitled to a blood test only after submitting to a breath test.

responded to the request by saying, "No, not without the advice of an attorney." We held that response to be a refusal. We recognized that Schrier's statement was not a request to speak with counsel.

Here, respondent explicitly and unconditionally refused to take the breath test and, apparently as an afterthought, said, "I want an attorney." The hearings officer was entitled to infer that respondent's statement "I want an attorney" was unrelated to his decision to refuse the breath test. His finding in that regard is supported by substantial evidence, and he correctly interpreted ORS 813.410(5)(c).

Reversed and remanded with instructions to reinstate suspension order in accordance with *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).