Argued and submitted October 7, affirmed December 24, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# PATRICK J. WEST,
*Appellant.*

## (A174823; CA A89352)

930 P2d 858

John Henry Hingson III argued the cause and filed the brief for appellant.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII). We write to address several of defendant's assignments of error that derive from the state's failure to call as a witness the officer who administered defendant's field sobriety tests (FSTs). We affirm.

On February 17, 1994, Officer Coon arrested defendant for DUII. Subsequently, Officer Slusarczyk administered FSTs to defendant,[1] and Coon observed those tests. Slusarczyk did not testify at trial, and the state offered Coon's testimony with regard to defendant's performance on the FSTs. The trial court admitted that testimony over defendant's objection but instructed Coon to testify only about his own observations.

Coon testified that he was trained to perform FSTs and described the standard protocols for the FSTs that Slusarczyk administered to defendant. Coon then testified that Slusarczyk administered defendant's FSTs in conformance with applicable protocols. Coon testified that he observed that defendant was not able to follow certain instructions for performing the FSTs and described specific instances in detail. He also testified that, based in part on his observations of the FSTs, he believed defendant was under the influence of intoxicants. He did not testify as to any of Slusarczyk's opinions or conclusions.

Several of defendant's assignments of error concern the trial court's allowing Coon's testimony with regard to defendant's performance on FSTs. Defendant argues that allowing that testimony was error on several grounds, all of which relate to the fact that Coon merely observed the FSTs, while the officer who administered those tests, Slusarczyk, did not testify. Specifically, those arguments are that the FST testimony was inadmissible hearsay, that defendant's confrontation rights were violated because he was not able to cross-examine Slusarczyk, and that the trial court erred in

---

[1] The FSTs were administered at the request of defendant's lawyer, who defendant called after being arrested.

failing to give the "weaker and less satisfactory evidence" instruction.

■ We turn to defendant's argument that Coon's testimony with regard to the FSTs constituted inadmissible hearsay. Defendant asserts that all the FST testimony was hearsay but argues particularly that Coon's testimony about Slusarczyk's instructions to defendant on how to perform the FSTs was hearsay because it required Coon to testify as to exactly what Slusarczyk said. Defendant is incorrect in characterizing that testimony as hearsay. The analysis is the same whether Coon or Slusarczyk testified about the FST instructions: in either case, they are out-of-court statements that are *not* offered for their truth, but for their effect on the listener. OEC 801(3); *see* Laird C. Kirkpatrick, *Oregon Evidence*, 326 (2d ed 1989). In this case, the instructions were offered to show their effect on defendant, that is, that he was not able to follow them, as well as their effect on Coon, that is, that he concluded that defendant was under the influence of intoxicants. *See State v. Dixon*, 5 Or App 113, 129-30, 481 P2d 629 (1971) (out-of-court statements admissible to explain why officers' actions were reasonable). Because Slusarczyk's instructions were not offered for their truth, they are not hearsay, and that conclusion is not altered by the fact that Coon, rather than Slusarczyk, testified.

■ With regard to the remainder of Coon's testimony about the FSTs, *State v. McCormack*, 92 Or App 84, 86-87, 756 P2d 1281, *rev den* 306 Or 661 (1988) is instructive. In *McCormack*, the officer who administered an Intoxilyzer test to the defendant was unavailable to testify. The state offered the testimony of another officer who had observed the defendant taking the Intoxilyzer test. The trial court excluded the observing officer's testimony, in part because it concluded that the testimony would be hearsay. We reversed, concluding that the testimony would not be hearsay because it would consist merely of the officer's own observations. We also concluded that the observing officer's testimony about the testing officer's protocols would not be hearsay because the observing officer was trained to administer Intoxilyzer tests, and, therefore, his testimony about whether the testing officer followed applicable protocols would be based on personal knowledge.

Similar circumstances applied in the present case: Coon was trained to administer FSTs and therefore could testify from personal knowledge and his own observations whether Slusarczyk followed applicable protocols. In addition, his testimony about defendant's performance was based on his own observations of the tests. As in *McCormack*, that testimony was not hearsay.

■ Defendant also argues that allowing Coon's testimony about the FSTs violated his right under Article I, section 11, of the Oregon Constitution, to confront a witness against him, namely Slusarczyk. Defendant argues that his confrontation right was impinged because he was not able to question Slusarczyk about his training in administering FSTs and whether he administered defendant's FSTs in accordance with that training.[2]

*McCormack* again is instructive. In that case, the trial court based its exclusion of the observing officer's testimony in part on the rationale that allowing observers to give testimony that the testing " 'officer would have given' * * * would 'drastically limit any party's right to cross-examine.' " 92 Or App at 86. In support of that conclusion, the defendant asserted that he had an absolute right, under Article I, section 11, of the Oregon Constitution, to cross-examine the officer who tested him. We disagreed, stating:

> "Defendant does have the right to cross-examine *witnesses* against him. However [the officer who administered the Intoxilyzer] was not a witness. His testimony was not necessary for the state to prove its case, and there is nothing in Article I, section 11 * * * which would require his testimony." *Id.* at 87 (emphasis in original).

■ The same rationale applies here. The state did not need Slusarczyk's testimony to prove its case and did not offer evidence of Slusarczyk's interpretation of the FSTs. The state's evidence, with regard to the FSTs, was that Coon observed the FSTs, that based on Coon's training, they were administered in accordance with protocols, and that Coon

---

[2] With regard to this assignment of error, defendant makes additional, ancillary arguments. We have considered those arguments and find them to be without merit.

interpreted the results to indicate that defendant was intoxicated. Coon was the witness against defendant, and defendant had the opportunity to cross-examine him. His confrontation rights were not violated because Slusarczyk did not testify.[3]

■ ■        Defendant also argues that, because Slusarczyk administered the FSTs, his testimony would have been better evidence than Coon's testimony and, therefore, the trial court erred in refusing to give the requested "weaker and less satisfactory evidence" instruction. At oral argument and in his subsequent "Memorandum of Facts," defendant draws our attention to several aspects of Coon's testimony that suggest that he is not credible. Those facts fall into three general categories pertaining to: (1) Coon's ability to observe the FSTs given where he was standing; (2) his inability to refresh his recollection from Slusarczyk's notes (as opposed to his ability to do so, which defendant also challenges, *see* n 2, above); and (3) inconsistent statements by Coon with regard to whether he had any of his own notes from the FSTs.[4] Although these facts reflect adversely on Coon's credibility, they do not support the giving of the "weaker and less satisfactory evidence" instruction. That instruction "should rarely be given" and is only appropriate when

> "the state's failure to produce evidence could give rise to an
> inference that the evidence would be adverse to the state—

---

[3] Defendant also argues, as relevant to both the hearsay and confrontation issues, that because Coon was able to refresh his memory through Slusarczyk's notes, "evidence came in that should not have unless Slusarczyk testified and was available for cross-examination." *McCormack* addressed in *dictum* a similar issue, concluding that the observing officer could use the testing officer's Intoxilyzer checklist to refresh his recollection. As is the case with Slusarczyk's notes, the Intoxilyzer checklist in *McCormack* was hearsay. Regardless of that, either the testing *or the observing officer* could use the checklist to refresh his recollection, and that use of the checklist did not result in the admission of hearsay. *McCormack*, 92 Or App at 87 n 1 (citing OEC 101(4)(a)). Furthermore, the observing officer's use of the testing officer's checklist to refresh his recollection did not affect the conclusion that the defendant's confrontation rights were not impinged. Likewise, in the present case, Coon's use of Slusarczyk's FST notes to refresh his recollection did not result in the admission of hearsay or impinge on defendant's right to confront witnesses.

[4] During a pretrial hearing, Coon testified that he had destroyed his notes regarding defendant's performance on the FSTs. He later located and produced those notes after defendant's attorney told Coon that destroying his notes would have been a crime.

that is, when it appears that the state may be trying to hide something, or in a case where the record indicates that the state possessed and failed to produce stronger evidence. In such a case, however, the instruction may be given only *if there is evidence in the record to support it*. Generally, the instruction need not be given where the other evidence would be merely cumulative." *State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992) (citations omitted; emphasis in original).

Defendant concedes that the state was not trying to hide something by not offering Slusarczyk's testimony. The remaining basis for giving the instruction is if the record indicates that the state possessed and failed to produce stronger evidence, namely Slusarczyk's testimony. The record, however, does not support that conclusion. Although defendant attacks Coon's credibility, he does not demonstrate that Slusarczyk's testimony would have been stronger evidence than Coon's testimony. For example, although defendant argues that Coon's perception was impaired because of his vantage point, the record does not indicate that Coon was not able to observe the FSTs from his vantage point or suggest that Slusarczyk's ability to observe the FSTs was superior. In addition, although defendant argues that Slusarczyk *may* have remembered the tests better than Coon, there is no evidence in the record that that would have been the case, especially when Coon had Slusarczyk's and his own notes to refresh his recollection. Finally, despite inconsistent statements by Coon with regard to whether he had any notes of his own about the FSTs, the record does not indicate that he was lying or inaccurate about defendant's performance on the FSTs. When Coon did produce the notes, defendant did not elicit any significant inconsistencies between Coon's notes and his testimony, or between Coon's notes and those of Slusarczyk.

All these factors affecting Coon's credibility were fully explored by defendant during Coon's cross-examination. In that respect, there is evidence in the record that the probative value of Coon's FST testimony was low. There is not, however, evidence in the record that the probative value of Slusarczyk's testimony would have been greater. The trial

court, therefore, did not abuse its discretion in failing to give the instruction.

In sum, none of the assignments of error related to Slusarczyk's absence from the trial requires reversal. We have reviewed defendant's other assignments of error and reject them without discussion.

Affirmed.