638 March 27, 2024 No. 197

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN PATRICK THERIAULT,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR36123, 21CR05128; A178289 (Control), A178290

Thomas J. Rastetter, Judge.

Submitted February 26, 2024.

Bear Wilner-Nugent filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In Case No. 21CR05128, defendant was convicted of attempted first-degree sodomy, ORS 161.405; ORS 63.405, attempted first-degree rape, ORS 161.405; ORS 63.375, first-degree burglary, ORS 164.225, and strangulation constituting domestic violence, ORS 163.187; ORS 132.586, arising out of an incident in which defendant broke into the victim's home, assaulted her, and attempted to rape and sodomize her. In Case No. 21CR36123, defendant was convicted of solicitation to commit second-degree murder, ORS 161.435; ORS 163.115, based on allegations that he solicited the murder of the victim to prevent her from testifying against him. In a single assignment of error, defendant seeks reversal of his rape, sodomy, and strangulation convictions, asserting that the trial court erred in failing to give his requested "less satisfactory evidence" jury instruction, UCrJI 1030. Viewing the evidence in the light most favorable to the giving of the evidentiary instruction, *State v. West*, 289 Or App 415, 416, 410 P3d 382 (2017), we review the trial court's failure to give the instruction for legal error—*i.e.*, for whether legally sufficient evidence exists to support giving the instruction, *State v. Payne*, 366 Or 588, 607, 468 P3d 445 (2020). Assuming without deciding that the trial court erred in failing to give the instruction, we conclude that any error in failing to give the instruction was harmless and, for that reason, does not require reversal. We therefore affirm.

After police arrested defendant for the charged crimes, he was interviewed by Detectives Hisel and Meier. The entire interview was video recorded, and Meier watched the recording in preparing her police report. When Meier uploaded the recording onto the evidence server, part of the video was lost.

At trial, the victim testified. The state also introduced into evidence the portion of the recording that was not lost and played it for the jury. In Meier's testimony, based on her recollections and with reference to her report, Meier described the remaining portion of the interview, which included incriminating statements by defendant. Based in part on that evidence, defendant was convicted.

On appeal, defendant contends that the trial court erred in declining to give UCrJi 1030, which provides:

"The state has the burden to establish the guilt of the defendant beyond a reasonable doubt. When you evaluate the state's evidence, you may also consider the power of the state to gather and produce evidence. If the evidence offered by the state was weaker and less satisfactory than other stronger or more satisfactory evidence that the state could have offered, then you should view the weaker and less satisfactory evidence with distrust."

UCrJI is based on ORS 10.095(7) and (8), which provide:

"The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"* * * * *

"(7)  That evidence is to be estimated, not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and, therefore,

"(8)  That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

Defendant argues that UCrJI 1030 should have been given, because the state did not introduce the entire recording of defendant's interview with Meier and Hisel. Defendant asserts that the loss of the recording left the detective to "testify in state-friendly terms about the missing portion" and that, because the "missing recording was in the power of the state to preserve and would have been more satisfactory evidence," the instruction was required. In short, defendant argues that the lost recording would have been less unfavorable to defendant than Meier's testimony recounting defendant's statements based on her personal recollection and her report of the interview.

The state responds that the "less satisfactory evidence" instruction should rarely be given, and that the

purpose of the instruction is to tell the jury that it can view "less satisfactory" evidence with distrust, because it can infer from the fact that a party failed to produce available stronger evidence that that stronger evidence is adverse to that party. *State v. McDonnell*, 313 Or 478, 503, 837 P2d 941 (1992); *State v. West*, 145 Or App 322, 328-29, 930 P2d 858 (1996). That inference is available, the state contends, only if the defendant establishes that the other evidence was reasonably available on a fact in issue and that there is a basis for the jury to conclude that the other evidence is stronger and more satisfactory than the evidence offered. Because defendant did not establish either prerequisite, the state contends, the trial court did not err in declining to give the instruction.

We need not address whether the trial court erred in failing to give the "less satisfactory evidence" instruction, because we conclude that, even if the trial court erred, any error was harmless, as there is little likelihood that the error affected the verdict. *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020) (stating standard and citing *State v. Davis*, 336 Or 19, 33, 77 P3d 1111 (2003)). Meier testified that defendant made a number of admissions in the portion of the interview for which the recording was lost: She testified that he admitted that (1) he had gone to the victim's house the day of the attack and entered the home through a window; (2) he confronted the victim in her bedroom, choked her, and she cried during a "sexual interaction"; (3) he heard the victim yell "Help me" and "No"; (4) he covered the victim's mouth with his hand, stroked his penis and, after the victim told him "No" several times, asked her to perform oral sex; (5) he brought lubrication to the victim's house, because he intended to have anal sex with her; and (6) he admitted texting the victim "afterwards." Even if the jury had been instructed to distrust Meier's testimony about defendant's admissions made in his custodial interview, the record contains independent evidence of admissions as to the convictions challenged on appeal that defendant made apart from the lost recorded interview. Schlip, defendant's fellow inmate at the jail, whom defendant had solicited to murder the victim, testified at trial that defendant admitted that he had climbed in the victim's window, threw the

victim against the wall, choked her, threw her on the bed, and had brought lubrication with him because he planned to have anal sex with her. The victim's next-door neighbor testified that, on the day of the attack, she heard banging and yelling coming from the victim's apartment, including someone possibly yelling "Help me." The jury heard a recording of a call from the jail made by defendant, in which he described going to the victim's home, cracking a window, going upstairs to "yell at her and scare her," grabbing the victim by the throat, pushing her against the wall, asking her for oral sex after she told him she did not want to have sexual intercourse, and "playing with [him]self." Given that independent evidence corroborating defendant's admissions described by Meier, considered in light of the victim's testimony and other evidence at trial that defendant had made his intentions known to the victim before the date of the attack, even if the jury had been instructed to distrust Meier's testimony, there is little likelihood that such an instruction would have affected the verdict. We therefore conclude that any error in failing to give the instruction was harmless and affirm defendant's convictions.

Affirmed.