Argued and submitted July 28, reversed and remanded for new trial October 29, 1986

STATE OF OREGON,
*Respondent,*

*v.*

DANIEL LEE MILEK,
*Appellant.*

(84-394-C; CA A38368)

727 P2d 164

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for theft in the first degree by selling. ORS 164.055(c). He argues that the court erred in not suppressing statements that he made to the police during custodial interrogation after arraignment. We agree, reverse and remand for a new trial.

In November, 1983, saddles, tack and a three-wheeled motorcycle were stolen in a burglary and subsequently sold. Police suspected that defendant was involved and arrested him under a January 12, 1984, indictment for burglary. During the morning of January 30, defendant filed a written request for appointment of counsel and an affidavit of indigency. It stated, in part:

> "I am asking for an attorney to represent me in this case because I cannot pay for an attorney now without causing substantial hardship to myself and my family."

Later that morning, when defendant was arraigned, the court denied his request. The court's docket sheet reads:

> "9:29 a.m. Def. app. without counsel for arraignment indictment read in open court, court denies application for court appointed counsel, matter continued to 2-8-84 at 8:30 am. Bail continued as set."

At 1:30 that afternoon, Detective Smith contacted defendant in jail, read him his *Miranda* rights and interrogated him. According to Smith, defendant indicated that he understood his rights and admitted that he had sold the stolen saddles and that, although he did not steal them, "he had a pretty good idea that they were stolen when he received them."

On February 2, defendant filed a second request for appointment of counsel, which the court granted. Before trial, defendant, through counsel, moved to suppress his statements to Smith. The court, relying on our opinion in *State v. Jackson,* 60 Or App 681, 655 P2d 592 (1982), *rev den* 294 Or 792 (1983), 296 Or 486 (1984), denied the motion. Defendant was convicted.

Defendant's only assignment of error is that the court incorrectly denied his motion to suppress. His first argument under the assignment is that Smith's initiation of custodial

interrogation after he had requested counsel at arraignment violated his right to counsel guaranteed by Article I, section 11, and the Sixth Amendment. We first consider defendant's argument under the state constitution. *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).

Article I, section 11, provides:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

The right to counsel under Article I, section 11, attaches automatically when the state initiates a "criminal prosecution" against an individual. *State v. Sparklin,* 296 Or 85, 92, 672 P2d 1182 (1986). Once the right to counsel attaches, an individual "is entitled to the benefit of an attorney's presence, advice and expertise in any situation where the state may glean involuntary and incriminating evidence or statements for use in the prosecution of its cause against [him]." 296 Or at 93. Although the right may attach earlier, arraignment certainly constitutes initiation of criminal proceedings against a defendant. 296 Or at 92, n 9.[1] Defendant was, therefore, entitled under Article I, section 11, to have his attorney present during the post-arraignment interrogation. The issue is whether defendant validly waived his right.

In *Sparklin,* the court stated that a defendant could not waive his Article I, section 11, right to counsel at police initiated custodial interrogation, once an attorney is appointed or retained.

"Once an attorney is appointed or retained, there can be no interrogation of a defendant concerning the events surrounding the crime charged unless the attorney representing the defendant on that charge is notified and afforded a reasonable opportunity to attend. *No waiver of that right may occur until defendant has consulted with his attorney.* In the smallest civil matter an attorney and his or her investigator are restricted in their contact with a represented party. We can certainly require no less of prosecutors or police in

---

[1] As in *Sparklin,* we need not decide in this case whether the right might attach before its federal counterpart, which attaches "at or after the time that judicial proceedings have been initiated against [a suspect] - 'whether by way of formal charge, preliminary hearing, indictment, information or arraignment.'" *Brewer v. Williams,* 430 US 387, 398, 97 S Ct 1232, 51 L Ed 2d 424 (1977), *quoting Kirby v. Illinois,* 406 US 682, 689, 92 S Ct 1877, 32 L Ed 2d 411 (1972).

criminal matters." 296 Or at 93. (Emphasis supplied; footnote omitted.)

The court went on to hold, however, that the defendant's purported waiver was valid, because the interrogation at issue concerned an incident of criminal conduct that was unrelated to the charge on which the defendant had been arraigned.

"It is the fairness of the 'criminal prosecution' which counsel's presence helps to ensure. For this reason article I, section 11 right to an attorney is specific to the criminal episode in which the accused is charged. The prohibitions placed on the state's contact with a represented defendant do not extend to the investigation of factually unrelated criminal episodes." 296 Or at 95. (Footnote omitted.)

This latter aspect of *Sparklin* is not pertinent to this case, because the theft charge on which defendant was subsequently indicted and convicted, and which is on appeal here, was related to the burglary charge for which he had been arraigned.[2] *See State v. Staunton,* 79 Or App 332, 718 P2d 1379 (1986).

The issue of whether a defendant who has been arraigned can validly waive his right to counsel in police initiated interrogation when counsel has *not* been appointed or retained, however, is one of first impression under Article I, section 11. In *Michigan v. Jackson,* ___ US ___, 106 S Ct 1404, 89 L Ed 2d 631 (1986), the United States Supreme Court applied, under the Sixth Amendment, the *Edwards* rule[3] of strict non-initiation of interrogation by police. It held that a

---

[2] In *State v. Jackson, supra,* the court held that a defendant, having had counsel appointed to assist him, could waive his Article I, section 11, right to counsel in police initiated interrogation. 60 Or App at 687. The court, however, did not indicate clearly whether the charges about which the police interrogated the defendant were related to the charges for which he was arraigned. If the charges were unrelated, the holding in *Jackson* was affirmed in *Sparklin;* if they were unrelated, it was overruled by *Sparklin.* In either case, *Sparklin,* not *Jackson,* is the controlling authority on the issue.

[3] In *Edwards v. Arizona,* 451 US 477, 484, 101 S Ct 1880, 68 L Ed 2d 378 (1981), decided under the Fifth Amendment, the court stated:

"[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversation with the police." (Footnote omitted.)

defendant who requests counsel at arraignment cannot subsequently waive his Sixth Amendment right to counsel at police initiated interrogation. It stated:

> "Finally, the State maintains that each of the respondents made a valid waiver of his Sixth Amendment rights by signing a postarraignment confession after again being advised of his constitutional rights. In *Edwards,* however, we rejected the notion that, after a suspect's request for counsel, advice of rights and acquiescence in police-initiated questioning could establish a valid waiver. 451 US, at 484, 101 S Ct, at 1830. We find no warrant for a different view under a Sixth Amendment analysis. Indeed, our rejection of the comparable argument in *Edwards* was based, in part, on our review of earlier Sixth Amendment cases. Just as written waivers are insufficient to justify police-initiated interrogations after the request for counsel in a Fifth Amendment analysis, so too they are insufficient to justify police-initiated interrogations after the request for counsel in a Sixth Amendment analysis." ___ US at ___, 106 S Ct at 1410. (Footnotes omitted.)

Although not deciding whether the decision would have been the same if the defendant had not requested counsel at arraignment, the Court stressed the importance of the request in its analysis. ___ US at ___, 106 S Ct at 1409.

■ Defendant had been arraigned at the time of the police questioning, and his Article I, Section 11, right to counsel had attached. Had he retained counsel at that time or had the court appointed counsel as he requested (which the court subsequently did), his waiver of that right would have been invalid under *Sparklin.* Although the court in *Sparklin* alludes to the ethical duty of the prosecutor not to initiate contact with an adverse party who is represented by counsel, 296 Or at 93, *citing* DR 7-104, defendant's constitutional right is independent of those ethical considerations.[4] The scope of

---

[4] The dangers of confusing the constitutional right with the ethical duty are demonstrated by the following statements from the prosecutor at trial:

"THE COURT: Well, Mr. Johnson, just as a practical thing. I thought, it's been a while, but don't we have a policy like this in this country that it isn't done that way? Doesn't your office, your office tells police officers don't go talk to, don't go talk to Defendants who have attorneys?

"[PROSECUTOR]: Well, Your Honor, our office does have that policy. We

the Article I, section 11, right to counsel if a defendant has been arraigned does not turn on whether he has been able to procure counsel or when the court appoints counsel. The Article I, section 11, right to counsel is equally robust whether a defendant who has been arraigned and has requested counsel has obtained counsel or is merely seeking or awaiting counsel to assist him—in either case, the police may not initiate interrogation and any waiver so obtained is invalid.[5]

We do not, however, adopt all of the reasoning of the United States Supreme Court in *Jackson,* which appears to focus unduly on the request for counsel at arraignment. Although defendant's request was significant in that it gave the state notice that he intended to exercise his Article I, section 11, right to counsel,[6] we stress that the underlying right to counsel under Article I, section 11, attaches independently of a request. We do not, however, need to decide to what extent, if any, a defendant may waive that right during police initiated interrogation following arraignment, if he has not requested counsel at arraignment, otherwise stated that he

---

do tell police officers.

"THE COURT: That doesn't make it the law, I realize.

"[PROSECUTOR]: To be very candid, the police officers say okay, I'll follow your directions and generally they go and talk to them anyway because they feel that the case law is in their favor and they have a right to talk to them.

"THE COURT: You say generally they do it anyway?

"[PROSECUTOR]: They do it anyway, even though we have an ethical duty to advise them they ought not to, should not and cannot. They feel that they have a right to talk to anybody as long as they advise them of their rights and if the person waives their rights, then they talk to them.

"THE COURT: So they take the chance where there's a valid waiver.

"[PROSECUTOR]: They take that chance. They feel they are not bound by their ethical considerations, we cannot talk to an individual that has an attorney."

[5] Apparently recognizing the correctness of that rule, at oral argument here counsel for the state stated:

"The question then comes down, I suppose, to whether what *Sparklin* says or *Michigan v. Jackson* says establishes an automatic right to counsel and an automatic right not to be questioned by the police after charges have been brought and/or the person has been arraigned on them. I'm afraid that it looks more likely than not that that's what *Jackson* holds and I don't know that that's such a bad deal."

[6] Knowledge of the request is imputed to the police. *See State v. Staunton, supra,* 79 Or App at 338; *Michigan v. Jackson, supra,* ___ US at ___,106 S Ct at 1410.

wants counsel or has not retained counsel.[7] Defendant requested counsel at arraignment and the police initiated contact with him thereafter. That was improper, and the waiver, therefore, was invalid.[8]

Reversed and remanded for a new trial.

---

[7] Furthermore, we need not decide whether there are any circumstances in which the police can initiate discussions with a defendant about charges on which he has been arraigned. For example, initiation might be proper with a defendant who, at arraignment, indicates that he intends to represent himself.

[8] Because of our resolution of this issue, we need not reach defendant's other arguments for suppressing the statements.