Argued and submitted June 24, resubmitted In Banc October 7, 1987, reversed and remanded April 13, reconsideration denied August 12, petition for review denied September 20, 1988 (306 Or 661)

In the Matter of the Suspension of
the Driving Privileges of

## BLACKMAN,
*Respondent,*

*v.*

## MOTOR VEHICLES DIVISION,
*Appellant.*

(86-343-CV; CA A41850)

752 P2d 1241

Christine Chute, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were

Dave Frohmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Bruce Huffman, Klamath Falls, argued the cause and filed the brief for respondent.

RICHARDSON, J.

## RICHARDSON, J.

The Motor Vehicles Division proposed to suspend respondent's driver's license on the ground that he had refused to submit to a blood alcohol test. ORS 813.410. He requested a hearing under ORS 813.410(2), and the hearings officer upheld the suspension. Respondent then petitioned the circuit court for review pursuant to ORS 813.410(6). The circuit court reversed the order of suspension, ordered that respondent's license be reinstated and awarded him attorney fees. Division appeals, and we reverse.

Respondent's only contention at the MVD hearing and in the circuit court was that he did not have a reasonable opportunity to call his attorney before deciding whether to submit to the blood alcohol test and therefore did not "refuse" the test.

An Oregon state trooper stopped respondent at about 1:30 a.m. and arrested him for driving under the influence of intoxicants. They arrived at the county jail at about 1:55 a.m. and the officer, after inventorying respondent's belongings, read the breath test consent form to him and began explaining the consequences of taking or refusing the breath test. Respondent interrupted repeatedly to ask questions. The officer concluded that respondent was having difficulty comprehending the explanation and asked him if he wanted to call an attorney. Respondent said yes and told the officer that he wanted to call attorney Brandsness.

Because respondent was having difficulty in dialing the numbers, the officer assisted him. Respondent made three tries. After receiving no response on the first two, he dialed Brandsness' home. The telephone rang, but the officer hung up the phone while it was still ringing. The officer again explained the consequences of a refusal to take the breath test and, again, respondent asked several questions about the possible suspension dates and asked the officer to review them; they were reviewed several times. At 2:20 a.m. the officer asked respondent if he would take the test, and he replied, "No, I won't take the test." The officer testified that, after that response, respondent also refused to sign the temporary driving permit form and at that time became completely uncooperative.

Respondent's wife, who was present when he was arrested, testified at the hearing that she saw him make two calls. The hearings officer concluded that she was not in a position to see and concluded that three telephone call tries were made. The wife of the attorney whom respondent was attempting to locate testified that, early in the morning around the date of respondent's arrest, the home telephone rang two or three times but when she answered, no one was on the line. The hearings officer specifically rejected her testimony as establishing that respondent had called at 2:00 a.m. or that the telephone rang only two or three times or that, had the officer not terminated the call, respondent would have made contact with his attorney. Respondent testified that, in the call to Brandsness' home, the phone rang two or three times and the officer then hung up the phone. The hearings officer found that the officer's testimony was reliable but that respondent's was not.

Respondent argued at the hearing and on review in the circuit court that he was denied a reasonable opportunity to contact his attorney and, consequently, under *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982), and *State v. Newton,* 291 Or 788, 636 P2d 393 (1981), his non-submission to the breath test was not a refusal as required by ORS 813.410 before the driver's license can be suspended. The hearings officer concluded that he was given a reasonable opportunity to contact an attorney and that his refusal at 2:20 a.m. was not causally related to his inability to contact counsel. The trial court gave no oral or written hint as to the basis for reversing the hearings officer's decision.

The scope of review of the circuit court and this court is the same. ORS 813.450(4) provides:

"Upon review in the circuit court and Court of Appeals, the court may affirm, reverse or remand the order as follows:

"(a)  If the court finds that the division has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)  Set aside or modify the order; or

"(B)  Remand the case to the division for further action under a correct interpretation of the provision of law.

"(b)  The court shall remand the order to the division if

it finds the division's exercise of discretion to be any of the following:

"(A)   Outside the range of discretion delegated to the agency by law.

"(B)   Inconsistent with a division rule, an officially stated division position, or a prior division practice, if the inconsistency is not explained by the division.

"(C)   Otherwise in violation of a constitutional or statutory provision.

"(c)   The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

Subsection (5) is a limitation on the authority of either court to do other than affirm the order of suspension:

"Upon review, the court shall affirm the division's order unless the court finds a ground for setting aside, modifying or remanding to the division under a specified provision of this section."

As required by ORS 813.450(1), petitioner specified the ground which he urged for reversal in his petition for review addressed to the circuit court. He alleged only that the hearings officer incorrectly found: "Petitioner requested to contact counsel and the Petitioner was given a reasonable opportunity to do so." The basis of the ruling of the trial court, whatever it was, is probably immaterial under ORS 813.450(4), and we simply review the order of the hearings officer directly.

■      After oral argument in this case, the Supreme Court decided *State v. Spencer,* 305 Or 59, 750 P2d 147 (1988). In an extended discussion, the court assessed the vitality of *State v. Newton, supra,* and concluded:

"We hold that, under the right to counsel clause in Article I, section 11, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test. Because evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test. As both [*State v. Scharf,* 288 Or 451, 605 P2d 690 (1980),] and [*State v. Newton,* 291 Or 788, 636 P2d 393 (1981),] recognized, however, permitting the arrested driver to

attempt to contact an attorney does not necessarily result in the loss of evidence." 305 Or at 74-75. (Footnote omitted.)

In a footnote, the court said:

> "Although no absolute line can be drawn, because the number of attending circumstances can vary so greatly, we note that a period of 15 minutes after the request to take the test has been made will doubtless suffice in most cases." 305 Or at 75, n 5.

Although the court, in deciding *Spencer* and *Newton,* based the ultimate decision on different grounds, the practical effect is similar. If an arrested driver who is offered a breath test requests to speak to counsel, he must be given a reasonable opportunity to do so.[1]

> *Spencer,* as did *Newton,* involved a criminal prosecution. The breath test result was suppressed because the defendant took the test after being told by the police officer that he did not have a right to consult with an attorney before deciding whether to take the test. *Moore v. Motor Vehicles Division, supra,* discussed the application of the principle enunciated in *Newton* to an administrative suspension of a driver's license for refusing to take the breath test. The adjustment in the rationale of *Newton* effected in *Spencer* should make no difference in the application of the principle to administrative suspension. Consequently, we will apply the learning of *Moore v. Motor Vehicles Division, supra:*

> "[I]f an arrested person, upon being given the advice required by ORS 487.805(2)(a) and (b), does not submit promptly to the request, his non-submission is a refusal. We further hold that if the person requests to speak with an attorney, the request itself is not a refusal and the person must be afforded reasonable opportunity to do so unless or until it would interfere with effective administration of the test. For example, a person might be given opportunity to call during the 15-minute observation period without affecting the validity of the test. If a person requests to communicate and is afforded a reasonable opportunity to do so, consistent with the temporal requirements of the testing process, and the person does not submit to the test, that is a refusal." 293 Or at 723.

---

[1] The state argues that respondent did not "request" to talk to his lawyer; the officer suggested that he do it. Although the officer planted the idea, respondent capitalized on it and supplied the name of his attorney.

The hearings officer applied the law as stated in *Moore v. Motor Vehicles Division, supra.* Consequently, she did not erroneously apply a provision of law. ORS 813.450(4)(a). The order was supported by substantial evidence in the record, ORS 813.450(4)(c), and was not outside the range of agency discretion, ORS 813.450(4)(a), or inconsistent with an agency practice or rule. ORS 813.450(4)(b). Arguably, the decision would be in violation of a statutory provision, *i.e.,* ORS 813.410, as interpreted by the court in *Moore v. Motor Vehicles Division, supra,* or a constitutional provision, ORS 813.450(4)(b)(C), *if* respondent had not been given a reasonable opportunity to contact his attorney.

■ The hearings officer concluded that respondent had had a reasonable opportunity to call his lawyer. She noted that the officer was making every effort to assist him in looking up the telephone number and dialing the phone. In fact, the officer suggested that respondent contact an attorney. The first try was about 30 minutes after the arrest and after the officer had begun the process of administering the breath test and explaining the consequences of taking or refusing it. The three telephone call tries took about 10 minutes total. The finding by the hearings officer that, under the circumstances, respondent was given a reasonable opportunity to call his attorney is not, strictly speaking, a finding of historical fact. It has some of the aspects of a legal conclusion, but it also involves a degree of judgment as to what is a reasonable time under the circumstances. We concur with the hearings officer's conclusion.

Because we conclude that the order suspending respondent's license did not violate a statutory or constitutional provision, it is unnecessary to address the question of whether there was a causal connection between his frustrated attempts to obtain legal advice and his refusal.

■ Our reversal of the circuit court judgment also reverses the award of attorney fees to respondent. However, we address MVD's contention that the court had no authority to award attorney fees in order to foreclose future problems in these cases. We agree with MVD that no statute or rule allows an award of attorney fees in a review of a license suspension under the Implied Consent Law. ORS 813.410 *et seq.* Contrary to respondent's assertion, ORS 183.497 authorizes an award of

attorney fees *only* when judicial review of an agency action occurs "as provided in" the Administrative Procedures Act. *See* ORS 183.497(2)(a), (b) and (c). Those provisions are not applicable to review in circuit court of a suspension order. ORS 813.410(2).

Reversed and remanded with instructions to suspend respondent's driving privileges for a period provided in ORS 813.420 and ORS 813.430 less any time during which the suspension was in effect.