Argued and submitted May 10, reversed and remanded with instructions
July 3, 1991

In the Matter of the Suspension of
the Driving Privileges of:

Lance Edward LACEY,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(90C-10940; CA A65962)

812 P2d 48

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Gig Wyatt, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

The state appeals from a circuit court judgment reversing an order of the Motor Vehicles Division (MVD) that suspended petitioner's driving privileges for refusing to take a breath test. ORS 813.130(2)(c). We review MVD's decision for substantial evidence and errors of law. ORS 183.450(4); *Shakerin v. MVD,* 101 Or App 357, 790 P2d 1180 (1990). Petitioner admits that he was intoxicated but claims that substantial evidence does not support MVD's finding that he had driven while under the influence.

The arresting officer received an emergency assistance call, conducted an investigation and determined that Lowen, Cooper and petitioner had been at a local restaurant between 7 p.m. and 10 p.m. and that petitioner had consumed four or five drinks. Lowen and Cooper then left and drove to Lowen's house about three miles away. About 15 minutes later, petitioner arrived alone, at which time a fight ensued. Petitioner's car was parked in Lowen's yard when the officer arrived. Because petitioner had arrived at Lowen's alone, his car was there and he could not have walked the distance from the restaurant to Lowen's house in 15 minutes, it was reasonable to infer that he must have driven his car there. MVD's finding that the officer had reasonable grounds to believe that petitioner had driven while intoxicated is supported by substantial evidence, and it did not err in suspending his driving privileges. The trial court erred in undertaking *de novo* review and reversing that decision.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD,* 83 Or App 268, 730 P2d 1297 (1986).