Argued and submitted November 22, 1991, reversed and remanded with instructions July 1, 1992

## In the Matter of the Suspension of the Driving Privileges of

### Harlan Leroy HAYES, *Respondent,*

*v.*

## MOTOR VEHICLES DIVISION, *Appellant.*

### (90C-11866; CA A68680)

833 P2d 1329

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

M. Chapin Milbank, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Motor Vehicles Division (MVD) proposed to suspend respondent's driver's license because a breath test had disclosed a blood alcohol level above .08 percent. ORS 813.100(3). He requested a hearing, contending, *inter alia*, that the arresting officer had no basis to stop his vehicle. The hearings referee concluded that the officer had lawfully stopped him. Respondent then sought circuit court review. ORS 813.450. The circuit court reversed the suspension,

"finding that the justification for the traffic stop resulting in [respondent's] arrest was not supported by substantial evidence in the record and that the traffic stop was illegal."

MVD appeals, ORS 813.450(3), and we reverse.

■ We review MVD's order and not the judgment of the circuit court. *Shakerin v. MVD*, 101 Or App 357, 790 P2d 1180 (1990); *Blackman v. MVD*, 90 Or App 408, 752 P2d 1241, *rev den* 306 Or 660 (1988). The issue is whether there is substantial evidence in the record to support the hearings officer's findings. ORS 813.450(4)(c).

The referee found:

"The officer stopped [respondent] after observing: (1) the vehicle pull out onto a public highway from a store parking lot without its headlights being turned on and then drive down the highway for some distance before the headlights were finally turned on; (2) the vehicle cross over a lane dividing line in a jerky fashion before coming back into [its] own lane; (3) that [respondent] may have been driving over the speed limit, although the officer did not get a pace on the vehicle.

"Upon contacting [respondent], the officer told [respondent] that he had stopped [respondent] because he had driven without lights. The officer also mentioned that [respondent] appeared to have been driving faster than he should have. [Respondent] pointed out to the officer that the lights were now turned on. The officer acknowledged this, but told him that he had observed them to be off earlier. [Respondent] told the officer that he had been trying to catch up to a couple of vehicles ahead of him."

While talking to respondent, the officer noted a moderate odor of alcoholic beverage coming from him, that his face was flushed, that his eyes were bloodshot and watery and that his

speech was somewhat slurred. Respondent did poorly on a field sobriety test and was arrested. He submitted to an intoxilyzer test; the result was .15 percent by weight of alcohol in his blood.

■ The factual issue about the stop is whether respondent was driving without headlights. The officer testified that respondent left the parking lot without the lights illuminated. Respondent and his witnesses testified that his lights were on. Before the referee, the circuit court and on appeal, respondent argued that the officer's testimony was inconsistent, lacked detail and was not sufficiently credible to support a finding. He contends that, in the light of the testimony that he presented, the officer's testimony was not substantial evidence that defendant was driving without headlights.

The referee made specific detailed findings that respondent and his witnesses were not credible, and he said that he was finding the facts consistent with the officer's testimony. That was substantial evidence to support the referee's findings.

Driving a motor vehicle without headlights during times of limited visibility is a traffic infraction. ORS 811.520. An officer has authority to stop a vehicle for a traffic infraction committed in his presence. ORS 810.410(3)(b). The traffic stop was lawful and the officer, during the investigation incident to the stop, observed that respondent appeared to be under the influence of intoxicants. That was a basis for conducting the field sobriety test and, after that test, there was probable cause to arrest respondent for driving under the influence of intoxicants.

■ Respondent also argues that the request that he submit to the Intoxilyzer test was unlawful, because he was denied an opportunity to contact his attorney at the scene of the stop. The referee found that respondent did not make a request to call his attorney until he had arrived at the jail, where he was given an opportunity to make a call and did so before he agreed to take the test. Respondent's contention is that he should have been allowed to make the call on the street. We do not necessarily agree that such a request must be honored. The hearings officer found that he made no such request. Respondent's argument depends on accepting his

testimony. The referee specifically rejected that testimony and accepted that of the officer. There was substantial evidence to support the referee's findings.

Reversed and remanded with instructions to enter order of suspension pursuant to *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).