Argued and submitted June 1, reversed and remanded with instructions
November 4, 1992

In the Matter of the Suspension of
the Driving Privileges of
Gary Neil ANDERSON,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(91-2059; CA A72307)

840 P2d 1328

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General, Salem.

Steven B. Reed, Rainier, argued the cause for respondent. With him on the brief was Petersen & Reed, Rainier.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Motor Vehicles Division (MVD) appeals from a circuit court judgment vacating an MVD order suspending petitioner's driver's license for refusal to take a breath test. ORS 813.130(2)(c). We review MVD's order for substantial evidence and errors of law. *Lacey v. MVD*, 108 Or App 187, 812 P2d 48 (1991). MVD contends that petitioner was not denied an opportunity to contact counsel. We agree and reverse.

Petitioner was arrested for driving under the influence. At the police station, the arresting officer read him a "Rights and Consequences" warning. ORS 813.100(1). The officer gave him a copy of the warning and asked him to take a breath test. Petitioner asked to be taken home to get his glasses so that he could read the form for himself. The officer declined and told petitioner that continued requests for his glasses would be deemed a refusal to take the test. At the end of the 15-minute observation period, the officer again asked if petitioner would take the breath test. Petitioner replied that he would not until he could read the form himself. The officer told petitioner that that response was a refusal. Only at that point did petitioner say that he wanted an attorney.

██ At the hearing, the hearings officer found that petitioner's insistence on getting his glasses before taking the test was a refusal. An arrested driver must be given a reasonable opportunity to consult an attorney before deciding to take or to refuse a breath test. *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988). However, there is no right to consult an attorney about a breath test that has already been refused. The hearings officer properly concluded, as a matter of law, that petitioner was not denied a reasonable opportunity to consult counsel.

Reversed and remanded with instructions to reinstate the suspension order in accordance with *Wimmer v. MVD*, 83 Or App 268, 730 P2d 1297 (1986).