Argued and submitted September 16, 1992; resubmitted In Banc March 10, affirmed
June 23, reconsideration denied August 18, petition for review denied
September 21, 1993 (317 Or 583)

# CITY OF ROSEBURG,
*Respondent,*

*v.*

# VERN GEORGE DYKSTRA,
*Appellant.*

## (91CRO320MI; CA A73494)

854 P2d 985

Fred H. Bernau, Roseburg, argued the cause and filed the brief for appellant.

Inge D. White, Roseburg, argued the cause for respondent. With her on the brief was Dole, Coalwell & Clark, P.C., Roseburg.

EDMONDS, J.

Warren, J., dissenting.

## EDMONDS, J.

Defendant appeals from a conviction for driving while under the influence of intoxicants.[1] ORS 813.010. He assigns error to the trial court's denial of his motion to suppress the Intoxilyzer test result. We affirm.

At the hearing on the motion to suppress, counsel for the parties stipulated that the only facts relevant to the motion were that defendant was afforded an opportunity to consult with counsel before taking the test, but that counsel was not allowed to be present while the test was being performed. No witnesses or other evidence were adduced. Based on the stipulated facts, defendant argues that he was denied his right to counsel at a critical stage of the proceeding, because his lawyer was not permitted to be present when the test was performed. The state argues that the trial court correctly denied the motion to suppress, because Article I, section 11, of the Oregon Constitution requires only that a defendant be afforded a reasonable opportunity to consult with counsel before taking the test and that that opportunity was realized.

■ In *State v. Trenary*, 114 Or App 608, 836 P2d 739 (1992), *aff'd on other grounds* 316 Or 172, 850 P2d 356 (1993), we decided this issue. There, the defendant was not allowed to call his attorney because, according to the arresting officer, he did not ask to consult with counsel but wanted counsel to be present at the test. Because the officer did not wish to postpone the test until the attorney arrived, he did not permit the defendant to call his attorney. We analyzed the issue under section 11:

> "Defendant did not have the right to have his lawyer present during the breath test. However, a suspect's decision whether to take or refuse to take a breath test 'is to be an informed one.' Accordingly, defendant did have the right to try to call his attorney before deciding whether to take the test." 114 Or App at 613. (Citations omitted.)

---

[1] Defendant was issued a citation for driving under the influence of intoxicants, in violation of state statute. The citation was filed in the City of Roseburg Municipal Court. Defendant went to trial and was found guilty. He appealed to the Douglas County District Court where he was subsequently found guilty after a second jury trial.

Our holding in *State v. Trenary, supra,* is consistent with our decision in *State v. Gardner,* 52 Or App 663, 629 P2d 412, *rev den* 291 Or 419 (1981), in which we considered whether the right to consult with counsel under the Sixth Amendment included the right to have counsel monitor and be a witness to the administration of an Intoxilyzer test. We said:

"We also hold that counsel need not be present during administration of the breath test itself. In discussing the administration of scientific tests used in criminal investigation, such as fingerprinting and blood samples, the Supreme Court in *United States v. Wade,* [388 US 218, 227-28, 87 S Ct 1926, 18 L Ed 2d 1149 (1967)], stated:

" 'Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not, therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.'

"*See also, United States v. Ash,* 413 US 300, 315, 93 S Ct 2568, 37 L E[d] 2d 619 (1983) (counsel not required at post-indictment photographic display); *Gilbert v. California,* 388 US 263, 267, 87 S Ct 1951, 18 L Ed 2d 1178 (1967) (counsel not required at taking of handwriting exemplars from accused). We think that the same rationale applies to the administration of a breath test. A meaningful challenge to the evidentiary use of the test or the accuracy of its result is not dependent on counsel's presence during the test. The officer administering the test can be cross-examined at trial. Defendant can request her own test and introduce the results at trial. Finally, defendant can challenge the accuracy of the test and the meaning of its results with her own expert witnesses. We hold that the statutory scheme does not violate defendant's Sixth Amendment right to counsel." 52 Or App at 668.

The dissent would hold that defendant is entitled under section 11 to have counsel present during an Intoxilyzer test even though he had the opportunity to consult with

counsel before taking the test, because "[i]f an arrested person's right to counsel attaches before that person submits to a breath test, that right must continue to exist at the time of the test." 121 Or App at 325. The dissent says that result is dictated by several precedents including *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), and *State v. Sparklin*, 296 Or 85, 672 P2d 1182 (1983).

In *Spencer*, the court modified its holding in *State v. Newton*, 291 Or 788, 636 P2d 393 (1981), which held that the right to seek the advice of counsel attaches only after a formal charge is filed. It said:

> "In the present decision, however, we do not rely on the *Newton* 'restriction of liberty' theory, but on the denial of defendant's right to counsel under the Oregon Constitution. We hold that defendant demonstrated an adequate causal relationship — if any need to be shown — by testifying that he requested an opportunity to call his attorney and that he 'would have liked to have had' that attorney's advice before deciding whether to take the breath test." 305 Or at 75-76.

Here, unlike in *Spencer*, defendant's invocation of the right to consult with counsel was honored by the police. It was only after defendant had finished the consultation with his attorney and had elected to take the test that the attorney was excluded from observing the administration of the test.

The *Spencer* court, in quoting *State v. Sparklin, supra*, 296 Or at 92 n 9, said:

> "There can be no question that the right to an attorney during the investigative stage is at least as important as the right to counsel during the trial itself. Where once the primary confrontation between state and individual occurred at the trial, now 'the point at which the individual first confronts the amassed power of the state has moved back in the process from trial to the police stage.' " 305 Or at 73. (Citation omitted.)

From that language, the dissent concludes that the right to have counsel includes the right to have counsel present at the Intoxilyzer test to insure fairness. The logical extension of that conclusion is that section 11 guarantees the right of a defendant to have his attorney monitor every investigatory action by the police in the course of their investigation.

That cannot be what the framers of the constitution intended. It would mean that the right to have counsel present would exist whenever the police seized blood, hair, semen, saliva, fingerprints, a handwriting exemplar or other evidence from a defendant. The resulting repetitive interruptions in the investigation would effectively stymie every police investigation. The dissent's result would be an unprecedented interference in the ability of the prosecution to prepare its case and would render unworkable a law enforcement process that is currently inundated with a greater case load than it can effectively handle.

Moreover, the language in *State v. Sparklin, supra,* does not require that result. The issue in that case was whether the defendant's request for an attorney at arraignment barred all police interrogation undertaken without the presence of counsel unless the defendant volunteered information on his own initiative and not in response to questioning. The court held that the defendant did not invoke his rights under either the Oregon or the federal constitutions to be free from questioning merely by having requested an attorney at his arraignment, and that his subsequent waiver of the right to remain silent and to have an attorney present at the questioning was valid. It also said that the fact that counsel had been appointed for the defendant at arraignment on the charge of forgery did not preclude police interrogation in the absence of counsel with respect to factually unrelated murder and robbery investigations, at least where the preinterrogation rights waiver was voluntary. This case presents a different issue than was decided by either *Spencer* or *Sparklin*, because it involves not whether defendant had the benefit of the *advice* of counsel, but whether section 11 guarantees the *presence* of counsel during the test.

Section 11 guarantees the right of counsel to be present at any stage of the criminal prosecution "at which a defendant is to be 'heard,' including the sentencing stage, whether this is wholly performed by the judge or shared with non-judicial persons." *State ex rel Russell v. Jones*, 293 Or 312, 315, 647 P2d 904 (1982). An Intoxilyzer test is not that kind of event. The right to the presence of counsel also is guaranteed under section 11 when there is police or court-ordered interrogation that would implicate the rights against

self-incrimination. *See e.g., State v. Sparklin, supra,* 296 Or at 89; *State v. Mains,* 295 Or 640, 669 P2d 1112 (1983). An Intoxilyzer test does not implicate those rights. The consent to an Intoxilyzer test is implied by law and a driver of a motor vehicle may not legally refuse to take it. *State v. Spencer, supra,* 305 Or at 71. Thus, in fact, there is no precedent that compels the dissent's proposed result.

The dissent is left with the argument that the presence of counsel is necessary to ensure the fairness of the criminal prosecution. This argument is analogous to the rationale that a defendant has the right to have counsel present at "critical stages of the criminal prosecution."[2] That rationale is employed by courts when rights cannot be protected without the presence of counsel. The administration of an Intoxilyzer test is rigidly regulated by seven pages of administrative rules. *See* OAR 257-30-005 through 257-30-100. Those rules require the officer administering the test to follow a checklist of performance steps and to record each step. The analysis as to whether the right to have counsel present is similar to what we used in *State v. Gardner, supra,* when we held that the Sixth Amendment did not include the right to have counsel present at the test. An Intoxilyzer test is not an event peculiarly riddled with innumerable dangers and variable factors that could crucially derogate from a fair trial, because what occurred can be reconstructed at trial. *See United States v. Wade, supra,* 388 US at 228-29. In that sense, there is far less inherent danger of a miscarriage of justice than in other investigatory procedures, also for which no precedent requires counsel to be present.

The dissent would rewrite section 11 to provide that the right to be heard through counsel includes the right to have counsel accompany the police through each investigative step, whenever the defendant is the subject of the investigation. Its reasoning that, because an arrested person's right to counsel attaches before the submission to an Intoxilyzer test, that person necessarily has the right to have counsel

---

[2] In *State ex rel Russell v. Jones, supra,* Justice Lent recognizes that the "critical stage test" continues to exist as part of the analysis under section 11 when he notes that the right to be heard under section 11 is not *limited* to "critical stages" of the prosecution. 293 Or at 321 (Lent, J., concurring).

monitor the test, misses the point. Not all post-arrest conduct of the police implicates the right to have counsel present.[3] Nothing about the administration of an Intoxilyzer test requires counsel to be present to protect a constitutional right of a defendant. In its zeal to protect the interests of those taking the Intoxilyzer test, the dissent would create a constitutional right that does not exist. The trial court did not err when it denied defendant's motion.

Affirmed.

**WARREN, J.,** dissenting.

Because I believe our precedents compel the conclusion that defendant was entitled to have counsel present at the breath test under the facts of this case, I dissent.

After arresting defendant for driving under the influence of intoxicants, a City of Roseburg (City) police officer transported him to the Douglas County Corrections facility for a breath test. While there, defendant called a lawyer, who arrived at the facility within a short time. After consulting with his lawyer, defendant consented to take the test.[1] Although he requested that his counsel be present during the test, the officer who operated the test denied that request. Defendant claims that that action deprived him of his right to counsel under Article I, section 11, of the Oregon Constitution.[2]

In *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), the Supreme Court determined when a criminal prosecution begins, for purpose of Article I, section 11:

"A person taken into formal custody by the police on a potentially criminal charge is confronted with the full legal power of the state, regardless of whether a formal charge has been filed. Where such custody is complete, neither the lack

---

[3] In an administrative proceeding, the Supreme Court has held that a reasonable opportunity to consult with counsel before taking an Intoxilyzer test does not mean that a defendant has a right to an observed telephone conference with his lawyer. *See Gildroy v. MVD*, 315 Or 617, 622, 848 P2d 96 (1993).

[1] It is undisputed that defendant was afforded a reasonable opportunity to consult his counsel before submitting to the breath test.

[2] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

of a selected charge nor the possibility that the police will think better of the entire matter changes the fact that the arrested person is, at that moment, ensnared in a 'criminal prosecution.' The evanescent nature of the evidence the police seek to obtain may justify substantially limiting the time in which the person may exercise his or her Article I, section 11, right, but it does not justify doing away with it.

"We hold that, under the right to counsel clause in Article I, section 11, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice *before deciding whether to submit to a breath test.*" 305 Or at 74. (Footnote omitted; emphasis supplied.)

Although the Supreme Court did not define the term "formal custody," it made clear that an arrested person's right to counsel attaches at least at the point when a breath test is to take place but before a formal charge is filed. *See also State v. Foster*, 95 Or App 144, 148, 768 P2d 416 (1989).

If an arrested person's right to counsel attaches before that person submits to a breath test, that right must continue to exist at the time of the test. To conclude otherwise would necessarily result in a system in which the right to counsel arises and then disappears before the "criminal prosecution" ends. Consequently, the question is not whether defendant had a right to counsel at the time of the test — he clearly did. Rather, the issue is whether that right includes a right to have counsel observe the breath test when to do so would not unreasonably interfere with or delay the test.

Oregon precedents have held that the right to counsel includes a right to have counsel present whenever the state brings its investigatory powers to bear against the defendant in the context of a "criminal prosecution." In *State v. Spencer, supra*, the Supreme Court emphasized the importance of the right to counsel during an investigative stage of the criminal prosecution. It quoted *State v. Sparklin*, 296 Or 85, 92 n 9, 672 P2d 1182 (1983):

"There can be no question that the right to an attorney during the investigative stage is at least as important as the right to counsel during the trial itself. Where once the primary confrontation between state and individual occurred at the trial, now 'the point at which the individual first confronts the amassed power of the state has moved

back in the process from trial to the police stage.' " 305 Or at 73. (Citation omitted.)

The right to counsel during trial may include merely having counsel present to assure the fairness of the proceeding. If the right to counsel in the investigative stage is as important as that during the trial itself, then it should also embody a right to have counsel present to assure the fairness of that investigative procedure. That is what the Supreme Court and we have said in a number of prior decisions. In *State v. Milek*, 82 Or App 88, 91, 727 P2d 164 (1986), we held that the defendant was entitled under Article I, section 11, to have his attorney present during the post-arraignment interrogation, and said:

> "Once the right to counsel attaches, an individual 'is entitled to *the benefit of an attorney's presence, advice and expertise in any situation where the state may glean involuntary and incriminating evidence* or statements for use in the prosecution of its cause against [him].' " 82 Or App at 91, *quoting State v. Sparklin, supra,* 296 Or at 93. (Emphasis supplied.)

Similarly, in *State ex rel Russell v. Jones,* 293 Or 312, 317, 647 P2d 904 (1982), the Supreme Court held that the right to counsel attached to a presentence psychiatric interview. It said that, because "circumstances are conceivable where the presence of counsel would be helpful[,] * * * Article I, section 11, and the Sixth Amendment require that *counsel may not be barred from attendance* at the presentence interview." 293 Or at 318. (Emphasis supplied.) Likewise, in *State v. Lopez,* 88 Or App 347, 352, 745 P2d 788 (1987), *rev den* 306 Or 79 (1988), we followed *State ex rel Russell v. Jones, supra,* and said that, "[i]f the defendant is represented by counsel, the state must notify the attorney that it wishes to interrogate the defendant, and *it must provide the attorney an opportunity to be present.*" (Emphasis supplied.)

A breath test, like any of those investigatory procedures, pits the arrested person against the power of the state. The result of a breath test is often the critical evidence showing whether the arrested person is legally intoxicated. Unlike the taking of fingerprints or hair samples, the process of administering a breath test allows for subjective manipulations by the testing officer. The officer may order the arrested

person to blow harder than required, or the officer may lean on the machine. Either procedure may result in an increase of the reading. Counsel's presence and expertise will assure the fairness of the administering procedure, the accuracy of the test result, and ultimately, a fair trial. Consequently, I would conclude that the right to counsel includes a right to have counsel observe a breath test.

The majority concludes that this view is contrary to *State v. Gardner*, 52 Or App 663, 629 P2d 412, *rev den* 291 Or 419 (1981), and *State v. Trenary*, 114 Or App 608, 836 P2d 739, *aff'd on other grounds* 316 Or 172, 850 P2d 356 (1993). It is not. In *Gardner*, we held that a defendant did not have the right to have counsel present during the administration of a breath test, because the test was not a "critical stage" of the proceeding to which the right to counsel attaches. 52 Or App at 666. *Gardner* was decided before *Spencer* and is premised on the right to counsel under the Sixth Amendment. 52 Or App at 665, 668. The *Spencer* court rejected the "critical stage" test as too limited for Article I, section 11, purposes, and concluded that the right to counsel attaches even *before* the breath test itself. Consequently, the rationale offered in *Gardner* is inapplicable to an Article I, section 11 analysis. In *Trenary*, relying on *Gardner*, we assumed, without discussion, that the "[d]efendant did not have the right to have his lawyer present during the breath test." 114 Or at 613. That statement is merely *dictum*, because the question there was whether the defendant was denied the right to call an attorney, not whether he had a right to have the attorney present. 114 Or at 614.

City contends that *Spencer* should not be extended to hold that the right to counsel includes a right to have counsel present during a breath test. It argues that, if we so hold, "few tests will be completed within the period of time contemplated by *Spencer*." City's concern that few breath tests will be completed is unwarranted.

By concluding that the right to counsel includes a right to have counsel present at the breath test, I would not be holding that police must wait until counsel is present before administering the test. If an arrested driver has a reasonable opportunity to consult a lawyer, but takes unreasonable time to consult or makes unreasonable demands that counsel be

present during the breath test, the driver's actions are a refusal to submit to the test, rather than an exercise of the right to counsel. *State v. Spencer, supra,* 305 Or at 75; *Moore v. MVD,* 293 Or 715, 723, 652 P2d 794 (1982).[3] For example, in *Anderson v. MVD,* 116 Or App 179, 181, 840 P2d 1328 (1992), we held that an arrested driver's insistence for more than 15 minutes that he be taken home to get his glasses in order to read a warning form provided by the police amounted to a refusal and that he was not denied a reasonable opportunity to consult counsel. *See also Blackman v. MVD,* 90 Or App 408, 752 P2d 1241, *rev den* 306 Or 660 (1988).

Furthermore, just as the right to seek advice about taking a breath test can be limited by the needs of police to conduct the test properly and timely, the right to have counsel present during the breath test must also be exercised reasonably, for "[t]he control of the testing procedure must remain with the officer and not with the arrested person or his counsel." *Luth v. MVD,* 87 Or App 137, 142, 741 P2d 897 (1987).

I believe that under Article I, section 11, the state cannot summarily exclude an arrested driver's counsel from observing the breath test, unless the test would be unreasonably delayed or interfered with by counsel's presence.

At the suppression hearing, City did not offer any evidence to explain why defendant's counsel was excluded.[4] The trial court made no findings on that issue and we have nothing before us to show that there was a sufficient reason to justify the exclusion. The breath test result should have been suppressed.

I dissent.

Durham, J., joins in this dissent.

---

[3] In both cases, the Supreme Court noted that 15 minutes generally would be an adequate time for an arrested driver to contact a lawyer. *State v. Spencer, supra,* 305 Or at 75 n 5; *State v. Moore, supra,* 293 Or at 723.

[4] At the suppression hearing, counsel for City told the trial court that the county corrections department had a policy excluding counsel from observing a breath test. Counsel's unsworn statement is not evidence. *State v. Norman,* 114 Or App 395, 398 n 3, 835 P2d 146 (1992). In any event, assuming there was such a policy, it does not justify the exclusion.