Argued and submitted January 31, reversed and remanded April 26, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# NICHOLAS P. McHENRY,
*Appellant.*

## TM0221241; A121960

134 P3d 1016

Locke A. Williams, Judge.

John L. Susac, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence of his refusal to take a breath test, arguing that he was not given a reasonable opportunity to consult with counsel as required by Article I, section 11, of the Oregon Constitution. We agree and reverse.

■　　We review the denial of a motion to suppress a defendant's refusal to take a breath test for errors of law. *State v. Goss*, 161 Or App 243, 247, 984 P2d 938 (1999). We take the facts from the evidence presented at the suppression hearing, which consisted solely of testimony by the arresting officer. Following a traffic stop, Officer Hurley arrested defendant for DUII and took him to the police station. He observed defendant for 15 minutes and read defendant a form containing information about his rights and the consequences of refusing to take a breath test. He then asked defendant whether he would submit to a breath test, and defendant said, "No." After defendant responded, the officer looked at his driving record and determined that defendant's license would be suspended for three years if he refused to take the breath test. The officer then explained that to defendant and asked again whether he would submit to the test. This time, defendant said, "No, I'm not blowing until I talk to my attorney." The officer entered defendant's response as a refusal to take the test and concluded his investigation.

Defendant was charged with DUII. He moved to suppress evidence of the refusal on the ground that he was denied the opportunity to consult with counsel. The state argued that defendant had lost the right to consult with counsel because he had initially refused the breath test. The trial court agreed and denied the motion. Defendant then entered a conditional guilty plea, reserving the right to challenge the court's ruling on appeal. Both parties renew their arguments on appeal. In addition, the state advances as an alternative basis for affirmance that defendant's statement that he would not take the test until he talked to his attorney did not constitute a request for counsel that would trigger the

officer's obligation to allow him a reasonable opportunity to consult with counsel.

■■     We begin with whether defendant's initial response to the officer foreclosed his chance to request the opportunity to consult with counsel. Under Article I, section 11, of the Oregon Constitution,[1] a driver taken into full custody has the right, upon request, to a reasonable opportunity to obtain legal advice before deciding whether to take a breath test. *State v. Ashley*, 137 Or App 561, 564-65, 907 P2d 1120 (1995); *State v. Spencer*, 305 Or 59, 74-75, 750 P2d 147 (1988). However, there is no right to consult an attorney about a breath test that has already been refused. *Anderson v. MVD*, 116 Or App 179, 181, 840 P2d 1328 (1992). For example, in *Anderson*, where the defendant delayed assenting to the breath test, was warned that further requests for delay would be treated as a refusal, delayed again, and was finally told that his further delay constituted a refusal, he lost his right to consult with counsel. *Id.* Thus, we must decide whether defendant's initial response in this case constituted a "refusal."

In *Moore v. Motor Vehicles Division*, 293 Or 715, 652 P2d 794 (1982), the Oregon Supreme Court discussed what constitutes a refusal to take a breath test. It first noted that, under the "New Jersey" rule, "anything substantially short of an unqualified, unequivocal assent" constitutes a refusal. *Id.* at 722 (internal quotation marks omitted). The court declined to adopt that rule, stating, "We agree with the general thrust of a rule requiring immediate submission and regarding any substantial delay as a refusal, but the rule must be applied with a flexible regard for arrested persons' freedom to communicate." *Id.* The court acknowledged that "injecting circumstantial considerations into the process makes it less predictable than would strict application of the New Jersey rule, but it also makes it less draconian and more accommodative of liberty." *Id.* at 723. The court then held that a request to consult with an attorney before submitting to a breath test does not constitute a refusal to take the test because such a request "cannot be seized upon as a decisive event which ends

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

the transaction between officer and arrestee as would non-submission or express non-refusal." *Id.*

In this case, a "flexible regard" for the freedom to communicate dictates that we should not view defendant's initial response as a final refusal. The officer himself reopened negotiations with defendant by asking him a second time whether he would submit to the breath test. Unlike the officer in *Anderson,* who made it clear to the defendant that his conduct constituted a refusal, the officer here did not tell defendant that he considered defendant's first response a refusal, and he did not record it as a refusal until after defendant had responded the second time. In addition, the officer testified that, had defendant agreed to submit to the test the second time, the officer would not have treated defendant's initial response as a refusal and would have administered the test. Thus, the officer did not seize on defendant's response as "a decisive event which ends the transaction between officer and arrestee." *Moore,* 293 Or at 723. Nor can we. We therefore conclude that defendant's initial response was not a refusal that would foreclose his right to ask to consult with counsel. Thus, the trial court erred in denying defendant's motion to suppress. *See State v. Penrod,* 133 Or App 454, 460, 892 P2d 729 (1995) (denial of reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test warranted exclusion of evidence that defendant refused to take test).

■ The state asserts that we should nevertheless affirm the trial court's decision because defendant's second response did not constitute a request to consult with counsel. We decline to consider that alternative basis for affirmance because we conclude that, had the state advanced that argument to the trial court, defendant might have developed a different factual record. As the Supreme Court has explained, one condition for applying the "right for the wrong reason" or "tipsy coachman"[2] doctrine is that the record be materially the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below. *Outdoor Media Dimensions Inc. v. State of Oregon,*

---

[2] *Williams v. Freightliner, LLC,* 196 Or App 83, 89 n 4, 100 P3d 1117 (2004), describes the origin of that colorful moniker.

331 Or 634, 659-60, 20 P3d 180 (2001). "In other words, even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance." *Id.* at 660 (emphasis in original).

In this case, the state's only argument to the trial court was that, under *Anderson*, defendant had lost his chance to request the opportunity to consult with counsel after his initial refusal to take the breath test. Likewise, the trial court relied exclusively on *Anderson* in resolving the issue. Had the state raised in the trial court the argument that it now advances on appeal—that defendant's second response also constituted a refusal and not a request for counsel—defendant could have developed a different record. Had the parties focused their arguments on the legal effect of defendant's second response, defendant could have cross-examined Officer Hurley about the second response and might have chosen to testify on his own behalf about it. Thus, defendant could have created a different record that, in turn, could have affected the disposition of that issue. We therefore decline to address the alternative basis for affirmance.

Reversed and remanded.